## JULIUS WANNER v. CHARLES MEARS.

*Practice in Supreme Court—Assignments of error—Negligence—Towage.*

1. An assignment that "the circuit judge erred in charging the jury and in giving the requests for plaintiff found on pages 134-140 of record" cannot be considered, it appearing that the pages cited contain many statements by the court in which the law is correctly stated, whatever may be said of some of them.

2. In a suit to recover the value of a sailboat lost, as claimed by the plaintiff, through the carelessness of the defendant, it appeared that the defendant towed plaintiff's scow, to which the sailboat was attached, across a lake, for the purpose of reaching a sunken vessel, which the plaintiff was to raise for the defendant; that the plaintiff was on the scow, and, after the sailboat was safely across the lake, the steamer turned to go up the shore, and the sailboat capsized; that, upon plaintiff's signal, the steamer slackened her speed, and plaintiff

drew the sailboat alongside the scow, and signaled the steamer to go ahead, he thinking they were so near shore she might run the distance; that the sailboat towed in that way for a short distance, when she "chawed her line off near the stem, and went off, at least drifted away." And it is held that, from the plaintiff's own showing, he was present, and gave the directions what to do; that, if any one was at fault, it was not the defendant, and the court erred in permitting a recovery.

Error to Oceana. (Dickerman, J.) Submitted on briefs October 5, 1894. Decided December 7, 1894.

Case. Defendant brings error. Reversed. The facts are stated in the opinion.

*James Brassington* (*Nelson DeLong*, of counsel), for appellant.

*F. W. Cook*, for plaintiff.

LONG, J. August 10, 1891, plaintiff and wife gave to defendant a chattel mortgage on their wrecking scow and outfit for $500, to secure the payment of their note of like amount, due on or before one year from date. The parties at that time all lived in Chicago, Ill., and the mortgage was given and filed there. The mortgage contained a clause giving the mortgagors the right of possession until default made in payment, and also the following stipulation:

"Or if the mortgagee, his executors, administrators, or assigns, shall feel he is insecure or unsafe, or shall fear diminution, removal, or waste of said property, or if the mortgagors shall sell or assign, or attempt to sell or assign, the said goods and chattels, * * * then, and in any or either of the aforesaid cases, all of said note and sum of money, both principal and interest, shall, at the option of said mortgagee or his executors, * * * become at once due and payable, and the said mort-

gagee, his executors, administrators, or assigns, or any of
them, shall thereupon have the right to take immediate
possession of said property,  *   *   *   and may remove
and sell and dispose of the said property, or any part
thereof," etc.

September 23, 1891, defendant took possession of the
property by virtue of this clause in the mortgage, and, as
the defendant says, "because the plaintiff threatened to
take the property away to Muskegon or elsewhere, and I
was fearful I would lose my security." Defendant adver-
tised the property for sale on October 1, 1891. ♦ September
30 plaintiff tendered defendant the sum of $70 in money
and an account for services rendered, which he claimed,
with the $70, amounted to enough to discharge the mort-
gage. This tender was refused, and, defendant refusing to
surrender the property, plaintiff brought this suit to
recover the value of the mortgaged property, and also in
the same action claimed to recover for the value of a sail-
boat which he claimed was lost by the carelessness and
negligence of the defendant. On the trial in the court
below before a jury, the plaintiff had judgment for the
amount claimed

Several errors are assigned, but the principal ones relate
to the rulings of the court in the charge, and the refusal
to charge as requested.

The court charged the jury, in relation to the sailboat,
that, if it was lost through the carelessness and negligence
of the defendant, plaintiff would be entitled to recover its
value. It is contended that this was error, for the reason
that there was no evidence given which would warrant
the finding that it was lost by defendant's negligence. It
appears that on September 3, 1891, defendant wrote
plaintiff at Chicago to come with his outfit to Silver Lake,
Oceana county, Mich., to raise the sunken vessel, the
Vesta V., belonging to defendant. Defendant towed

plaintiff's scow with his steamer Rumbell, the sailboat
being tied to the scow. According to plaintiff's testimony,
he was on the scow, and saw that the sailboat was safely
across the lake until the Rumbell turned to go up the
shore, when he noticed the sailboat capsize. He signaled
the Rumbell. She slackened speed. He drew the sailboat
alongside the scow, and signaled the Rumbell to go ahead,
because he thought they were so near shore she might run
the distance. He says: "The sailboat towed that way for
a short distance. Finally she chawed her line off near the
stem, and went off; at least drifted away." This is plaint-
iff's own version of the loss. He was there, and himself
gave directions what to do. Certainly, from this showing,
if any one was at fault, it was not the defendant; and
the court was in error in permitting a recovery for the
loss of the sailboat.

The work done for the defendant by plaintiff was in
raising the Vesta V., which he seeks to have applied as
payment on his mortgage.

"The circuit judge erred in charging the jury and in
giving the requests for plaintiff found on pages 134-140 of
record." Evidently this assignment relates to all the pages
from 134 to 139, inclusive; but these pages contain many
statements by the court in which the law is correctly
stated, whatever may be said of some of them. It is too
well settled that such an assignment cannot be considered
to need comment here.

We have carefully considered the other claimed errors,
and they need no discussion, as on a new trial the rights
of the parties will probably be fully protected.

It is claimed by the plaintiff, however, that the case
ought not to be reversed, even if there be error found in
reference to the charge about the sailboat, as the amount
could be deducted from the judgment, and, with that
deduction, the judgment affirmed. The testimony in the

case is too uncertain for us to determine what value the jury placed upon the sailboat.

The judgment is reversed, and a new trial granted.

The other Justices concurred.

---

102 558
112 438,

102 558
s61NW 54
130 335

102 558
135 ⁰269

102 558.
136 ⁴138'

102 558,
152 ¹265