# APRIL TERM, 1905.

## LOVE *v.* HALLADAY.

1. FALSE IMPRISONMENT—EVIDENCE—QUESTION FOR JURY.
    In an action against two defendants for false imprisonment,
        evidence examined, and *held*, not to conclusively show that
        one of defendants participated in the arrest, but to sustain
        the finding of the jury that he was not responsible there-
        for.

2. SAME—INSTRUCTIONS—HARMLESS ERROR.
    In an action for false imprisonment against two defendants,
        error, if any, in charging that exemplary damages were limited
        to such a sum as would constitute a just verdict against the
        defendant least culpable, was harmless, where the jury found
        in favor of one defendant.

3. DAMAGES—INADEQUACY—REMEDY.
    The remedy for inadequacy in the amount of the verdict is a mo-
        tion for a new trial.

Error to Eaton; Smith, J. Submitted January 10,
1905. (Docket No. 28.) Decided April 4, 1905.

Case by Sarah A. Love against Oliver A. Halladay and
Burton P. Love for false imprisonment. There was judg-
ment for plaintiff against defendant Halladay, and she
brings error. Affirmed.

*Lyman H. McCall* and *Horace S. Maynard*, for ap-
pellant.

*Garry C. Fox* and *J. M. C. Smith*, for defendant
Halladay.

MONTGOMERY, J. This is an action for false imprison-
ment. On the trial a verdict was rendered acquitting the

defendant Love, and against the defendant Halladay for
$5. A judgment according with this verdict was entered,
and plaintiff brings error. The assignments of error are
numerous, but the questions calling for discussion are few.

The question of first importance is whether the court
should have directed a verdict against the defendant Love
as well as against defendant Halladay. This question is
of prime importance, in our judgment, for the reason that,
if the court was right in submitting this question to the
jury, the fact that the jury has found that he ought not to
have been joined in the action eliminates some of the ques-
tions discussed. The facts, briefly stated, are as follows
( adopting, for the purposes of this statement, the view most
favorable to defendant Love, as we are bound to do, the
jury having found the facts with him): The defendant
Love, his wife, and little daughter, lived with plaintiff on
her farm; all the parties occupying the same house. On
the day that the trouble originated, the plaintiff commit-
ted an assault upon the wife of defendant Love, and when
defendant Love afterwards learned of the fact, and charged
plaintiff with it, also assaulted him. Defendant Love
drove to the city of Charlotte for the purpose of causing
plaintiff's arrest. His wife accompanied him. They vis-
ited the prosecuting attorney, and laid all the facts before
him; and, from certain statements made by defendant
Love and his wife, the prosecuting attorney was evidently
of the opinion that plaintiff's sanity should be inquired
into, and referred defendant Love to the judge of probate.
The defendant Love then visited the judge of probate.
The facts were fully stated to the latter, and a petition
was signed by defendant Love, asking for an inquiry as
to plaintiff's sanity. Defendant Love was asked if some
one could be secured to remain with plaintiff over Sunday,
and he replied that he knew of no one. The judge of pro-
bate then directed the defendant Halladay, who was
sheriff of the county, to go out to the farm and take plain-
tiff into custody. Defendant Love did not urge plain-
tiff's arrest, and stated to the judge of probate that all he

wanted was protection.    It was arranged between the defendant Love and the sheriff that the former was to be present at his home when the sheriff acted.    The sheriff went to the farm, arrested plaintiff, took her to Charlotte, and kept her in jail from Saturday evening until Monday, when she was released.

It is urged that these facts conclusively show the participation of defendant Love in the arrest.    We are of the opinion, however, that the testimony is open to inference which the jury drew, viz., that defendant Love confined himself to stating all he knew, and no more, to the public officials charged with the duty of taking action in the matter, and left them free to take such action as they thought best.    The fact that the defendant Love was present when the arrest was made is of less significance than would otherwise attach to it, when it is considered that the place of his arrest was his own home.

It is next urged that the court was in error in charging that the jury would be limited in its award of added or exemplary damages, in a case where two defendants are jointly responsible for the injury to plaintiff, to such a sum as would constitute a just verdict against the least culpable.    The plaintiff contends that the correct rule is the reverse of that given, and that the damages to be awarded in such a case is such a sum as would be just as against the most culpable.    We find it unnecessary to discuss the authorities bearing upon this question, as it is evident that the finding of the jury that only defendant Halladay was liable eliminates this question.    It could not be maintained that the bad faith of one not legally responsible for an imprisonment could be made the basis for an added award against the only one who is legally responsible but who acts in good faith.

Numerous assignments of error are directed to the rulings of the court in refusing requests, and to the charge as given upon the subject of damages.    All have been considered, and no error is discovered.    The charge fairly submitted the question of defendant Love's responsibility

139 Mich.—37.

for the arrest. The abstract instructions on the question of immunity from arrest could not have served any useful purpose, in view of the direct charge that the arrest was unlawful. The instructions as to added damages growing out of the wantonness or recklessness of defendant were sufficiently full.

The verdict does impress us as being very small, considering the circumstances of the arrest, but the remedy for any inadequacy in this respect was a motion for a new trial.

No error is found.

Judgment affirmed.

MOORE, C. J., and CARPENTER, OSTRANDER, and HOOKER, JJ., concurred.