CLARKE *v.* CASE.

1. EVIDENCE—OPINIONS—SURVEYORS—ADMISSIBILITY.

The opinion of a surveyor as to a supposed monument found by him while surveying a particular tract is a mere conclusion and is not admissible.

2. APPEAL AND ERROR—QUESTIONS CONSIDERED—SUFFICIENCY OF EVIDENCE.

An assignment of error, on the ground that the verdict is not supported by the evidence, cannot be considered, in the absence of a motion for a new trial on that ground.

3. BOUNDARIES—LOCATION—BURDEN OF PROOF.

Where in trespass the issue is as to the location of the line of a plat, and whether a certain ancient fence was built upon that line, as claimed by plaintiff, and there is no question of boundary by acquiescence, agreement, or adverse possession in the case, the burden is upon the plaintiff to prove by a preponderance of the evidence where the true line is, and that the trespass was committed upon land owned by him.

Error to Emmet; Shepherd, J. Submitted December 5, 1905. (Docket No. 95.) Decided May 24, 1906.

Trespass quare clausum fregit by William J. Clarke against John S. Case. There was judgment for plaintiff, and defendant brings error. Reversed.

*C. J. Pailthorp* and *A. L. Deuel*, for appellant.

*Wade B. Smith* and *Halstead & Halstead*, for appellee.

McALVAY, J. This is an action for trespass quare clausum fregit, brought by plaintiff in justice's court in Emmet county, and upon plea of title by defendant was ce ... d under the statute to the circuit court. The ... es in dispute as claimed by defendant are a    f uncultiv        d about 70 feet in width

extending along the north end and a part of lots 3 and 4, block 3, of "Whicher's plat of the village of Little Traverse," made as early as September, 1851. Plaintiff claims that this strip of land belongs to him and is located on the south part of lot 7 of "Glenn's plat of land around Whicher's plat of Little Traverse," made in 1859. This territory was formerly part of Mackinac county. From an examination of the records of both Mackinac and Emmet counties no record of the Whicher plat can be found. The original is lost, and the only evidence of what it contained is what purports to be a copy made by an Indian, probably in 1855. The Glenn plat was duly recorded. All the lands included in both these plats and surveys were purchased from the United States by an Indian chief, Alexander Nesawaquot for himself and other Indians, all having contributed to the purchase price. The title was conveyed to the chief Nesawaquot. For the purpose of dividing the lands among these Indians according to their several interests these plats and surveys were made. The Whicher plat included the land on the flat on the north shore of Little Traverse Bay, and between the shore and a high bluff on the north. The Glenn plat completely surrounded the Whicher plat except the water front on the south, and was intended to include all remaining Indian lands. The south boundary line of the Glenn plat is the south line of plaintiff's premises. By stipulation it is conceded that plaintiff is the owner of part of lot 7 of Glenn's plat lying north of lots 3 and 4, and adjoining the same, and that defendant owns the north part of said lots 3 and 4 of block 3 of the Whicher plat. The question in the case is the location of this south line of Glenn's plat which depends upon the location of the north line of Whicher's plat. The Glenn plat upon its face shows that it is a plat of all those lands around the village of Little Traverse and upon it these lines are coincident.

We are asked to reverse a judgment recovered by plaintiff for several reasons. Error is assigned to the admission of the testimony of plaintiff's witness Swift, relative to

his survey of Whicher's plat, in which he expressed his opinion as to a certain supposed monument found by him. This testimony was a conclusion of the witness. This court has frequently held that surveyors should be confined to statements of facts, and not to express conclusions or presumptions. The court was in error in not applying this rule.

Error is also assigned on the ground that the verdict is not supported by the evidence. The proper practice is to give the trial court an opportunity on a motion for a new trial to pass upon the question raised. As the record does not show that this was done, we cannot consider it.

The remaining assignments of error necessary to consider are upon the charge of the court. Defendant alleges that the following portion of the charge of the court was erroneous:

"You are instructed that as the defendant John Case is seeking to locate the north boundary line of lots 3 and 4 of block 3 of Whicher's plat a certain distance north of where the former owners of said lots for a period of 15 years and more considered said line to be, the burden of the proof is upon him to show that said accepted line is not the true boundary line of said lots. And while as I stated before, it is correct and true that the plaintiff is bound to prove his case by a preponderance of the testimony, yet, sometimes, that burden of proof shifts to the defendant; and in this case, if you find that Mr. Clarke was in the peaceable possession of this strip of land in question at the time Mr. Case went upon it, then the burden of the proof shifts from Mr. Clarke to Mr. Case to show that, and it becomes necessary for Mr. Case then to show that he was the owner and not Mr. Clarke. In other words, if you find that Mr. Clarke was in possession of that land clear up to the line of the old stockade fence before Mr. Case went on there, then you will find for Mr. Clarke, unless Mr. Case's evidence is stronger than Mr. Clarke's that the land belongs to Mr. Case."

The question as to where the north line of the Whicher plat was located was in dispute, as was also the question as to whether a certain old fence was on said line. Plain-

tiff claimed this line was where the old fence had been built. Defendant claimed that it was 70 feet north of that fence. The record does not warrant the statement that defendant was seeking to locate this line a certain distance north of where the former owners of lots 3 and 4 for more than 15 years had considered it to be. The question of a line established by acquiescence was not in the case; nor of a line by agreement between the parties; nor of adverse possession by plaintiff, if in fact this disputed strip was part of lots 3 and 4. In this case the burden of proof was upon the plaintiff to establish the fact that the trespass charged was committed upon that part of lot 7 of Glenn's plat owned by him, by a preponderance of proof. The court was in error in instructing the jury that by reason of defendant's claim that the old fence was south of the disputed line the burden of proof was upon him to show where the true line was. This charge has the further fault of assuming a disputed fact as established. This was a question for the jury, and not for the court, to determine.

These are all the questions we find it necessary to consider.

The judgment of the circuit court is reversed, and a new trial ordered.

GRANT, BLAIR, HOOKER, and MOORE, JJ., concurred.