DAVIS *v.* JERMSTAD.

1. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED —AUTOMOBILES—HIGHWAY INTERSECTIONS—SPEED.

It is a matter of reasonable inference that if an eastbound motorist, now deceased, lessened his speed as he approached through highway on which southbound plaintiff was driving, that deceased was aware of what he was doing, hence, examination of plaintiff with respect to such decrease in speed was properly excluded by the trial court on the ground that the subject matter was equally within the knowledge of the deceased (CL 1948, § 617.65).

2. APPEAL AND ERROR—EVIDENCE AS TO LIABILITY—INADEQUATE VERDICT.

Trial court's rulings on objections to admission of testimony presented *held*, not prejudicial to plaintiff, where the testimony was offered for the purpose of establishing liability on the part of defendant and jury found for plaintiff in an amount now claimed to be inadequate.

3. SAME—INSTRUCTIONS—INADEQUACY OF VERDICT.

Statement of defendant's counsel incorporated by trial court in his instructions to jury solely on the basis that such was the defendant's claim *held*, not to have constituted reversible error, where it was submitted to assist the jury in determining the issues involved in the dispute and does not appear to have affected the amount of the verdict, claimed by plaintiff to be inadequate.

4. SAME—QUESTIONS REVIEWABLE—REQUESTS TO CHARGE.

A claim that trial court committed reversible error in giving defendant's requests to charge without directing specific attention to the requests improperly accepted by the trial judge who did not submit all of defendant's requests is not considered on appeal.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Witnesses § 279 *et seq.*
[2] 3 Am Jur, Appeal and Error § 1028.
[6] 3 Am Jur, Appeal and Error § 246.

5. SAME — INSTRUCTIONS — REQUESTS TO CHARGE — AUTOMOBLIES — DAMAGES.

Instructions, given in action by southbound motorist on through highway against estate of eastbound motorist on stop road, for damages arising from collision at intersection, which carefully explained the principles of law governing the determination of damages to be awarded plaintiff, if found entitled to recover, *held*, without error as given or in failure to give requests submitted on behalf of plaintiff.

6. SAME—QUESTIONS REVIEWABLE—MOTION FOR NEW TRIAL—INADEQUACY OF VERDICT.

Claim that amount of the verdict was contrary to the great weight of the evidence is not before the Supreme Court on appeal from judgment entered on verdict now claimed to be inadequate, where motion for new trial did not raise such issue for determination by the trial court.

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted October 10, 1957. (Docket No. 35, Calendar No. 47,184.) Decided November 26, 1957.

Case by Kenneth L. Davis against Lorene L. Jermstad, administratrix of the estate of Robert J. Jermstad, deceased, for injuries received in automobile collision. Verdict and judgment for plaintiff. Motion by plaintiff for new trial denied. Plaintiff appeals. Affirmed.

*Russell W. Conroy,* for plaintiff.

*Mitts, Smith & Haughey (Clifford A. Mitts,* of counsel), for defendant.

CARR, J. Plaintiff brought this action against the administratrix of the estate of Robert J. Jermstad, deceased, to recover damages claimed to have been sustained as the result of an automobile collision. It appears that on October 7, 1953, plaintiff was operating his automobile in a southerly direction on "One Mile road," a so-called through highway in Cal-

houn county. Defendant's decedent was driving in an easterly direction on an intersecting highway known as "Meachem road." It is conceded that the cars came in forcible contact in the intersection, and that defendant's decedent sustained injuries resulting in his death on October 16th following the accident.

It was the claim of plaintiff on the trial that his automobile was damaged and that because of injuries to his person he was forced to incur expense for hospital and medical treatment, and also sustained a loss of wages for a total of 12 days during which he was unable to work. The questions in the case relating to negligence, proximate cause, contributory negligence, and damages were submitted to the jury which returned a verdict in favor of plaintiff in the sum of $534.50, and judgment was entered accordingly. The record indicates that the verdict covered the amounts of certain bills paid by plaintiff as a result of the accident, his loss of wages, and the damage to his automobile less the sum that he had received from his insurance company. Plaintiff claimed in his declaration and in his testimony that his injuries resulted in pain and suffering, and the question of damages therefor was submitted to the jury. It is a matter of inference that no allowance based on such claim was included in the verdict.

Plaintiff moved for a new trial, asserting as the grounds thereof that the trial court had erred in giving requests to charge submitted by defendant, in failing to give plaintiff's requests in the form submitted, and in excluding certain testimony relating to the manner in which the automobiles were being operated immediately prior to the accident. The trial judge filed a written opinion in which he discussed the grounds of the motion, pointing out that no claim was made therein that the verdict of the jury was contrary to the great weight of the evi-

dence or that the said verdict was inadequate under the proofs in the case. An order was entered denying the motion. Plaintiff has appealed, raising substantially the same questions involved in the hearing and argument on his motion for a new trial. It is asserted, however, that because of the errors claimed to have occurred on the trial, as set forth in said motion, an inadequate verdict was returned.

Plaintiff was a witness in his own behalf on the trial and was asked certain questions by his counsel with reference to what had occurred in connection with the operation of the 2 automobiles immediately prior to the impact. Objection was made on behalf of defendant to some of the questions so propounded, on the ground that they related to matters that under the circumstances must have been equally within the knowledge of the deceased, the objections being based on CL 1948, § 617.65 (Stat Ann § 27.914). Appellant has not specified the particular rulings of the court that he claims were erroneous. However, we have examined the record and find that the first question to which objection was sustained on the ground indicated had reference to a decrease in the speed of the automobile driven by defendant's decedent as it approached the intersection. It is a matter of reasonable inference that if the driver of the car lessened his speed he was aware of what he was doing. The ruling of the trial judge was correct, and we find no error prejudicial to plaintiff in the rulings on other objections that were sustained. It may be noted, also, that such testimony was offered for the purpose of establishing liability on the part of the defendant, and the jury determined that issue in plaintiff's favor.

In charging the jury the trial judge incorporated a statement submitted by counsel for defendant setting forth her claims in certain respects. It is apparently

the position of appellant that the judge, in so doing, vouchsafed for the accuracy of the statement, in other words, that the jury was given to understand that the facts claimed were established by proof. It is clear, however, from the charge as given that the statement was presented to the jury solely on the basis that it was defendant's claim, the jury being faced with the problem of determining whether such claim was well founded. The court merely followed the not unusual practice of making a preliminary statement in the charge with reference to the conflicting positions of the parties to the cause, in order to assist the jury in determining the issues involved in the dispute. The record does not justify an inference that the amount of the verdict in plaintiff's favor was affected thereby.

It is further contended on behalf of plaintiff that the trial court committed reversible error in giving defendant's requests to charge. A comparison of said requests with the charge as given discloses that not all were included, and others were modified in form. Specific attention is not directed to the requests asserted to have been improperly accepted by the trial judge. A similar situation was involved in *Wanner* v. *Mears,* 102 Mich 554, in which it was claimed by the appellant that the trial judge had erred in giving the requests to charge as found on certain pages of the record. In commenting, it was said:

"Evidently this assignment relates to all the pages from 134 to 139, inclusive; but these pages contain many statements by the court in which the law is correctly stated, whatever may be said of some of them. It is too well settled that such an assignment cannot be considered to need comment here."

See, also, *Eberts* v. *Mt. Clemens Sugar Co.,* 182 Mich 449, 475 (7 NCCA 52), and prior decisions therein cited.

In the case at bar the charge as given to the jury carefully and fully covered the material issues in the case. We find nothing therein that can be said to have been prejudicial to the plaintiff in any respect. The principles of law governing the determination of the damages to be awarded plaintiff, if found entitled to recover, were carefully explained. There is no basis for any argument to the effect that the amount of the verdict was the result of any error in the charge as given or of any failure to give requests submitted on behalf of plaintiff.

As before noted, the claimed inadequacy of the verdict was not submitted to the trial court in the motion for a new trial. It was not alleged therein that the amount of such verdict was contrary to the great weight of the evidence. As before noted, the trial judge in his opinion on the motion called attention to the omission to make any such claim. Reference thereto in argument, written or oral, does not alter the situation. The fact remains that the trial court was not asked by the motion submitted to him to pass on any questions relating to the inadequacy of the verdict. It follows, in consequence, that such issue is not before this Court.

In *Love* v. *Hallady,* 139 Mich 575, a verdict in the sum of $5 was returned against one of the defendants in an action for false imprisonment, a second defendant being acquitted. Plaintiff appealed from the judgment entered on the verdict. After discussing other questions raised in the case, it was said (p 578):

"The verdict does impress us as being very small, considering the circumstances of the arrest, but the remedy for any inadequacy in this respect was a motion for a new trial."

Likewise, in *Clarke* v. *Case,* 144 Mich 148, 150, it was said:

"Error is also assigned on the ground that the verdict is not supported by the evidence. The proper practice is to give the trial court an opportunity on a motion for a new trial to pass upon the question raised. As the record does not show that this was done, we cannot consider it."

In *Brockmiller* v. *Industrial Works,* 148 Mich 642, defendant on appeal from a judgment against him contended that the amount of damages awarded plaintiff was excessive. In discussing the alleged error, it was said (pp 648, 649):

"No motion for a new trial was made on this ground, nor was objection to the verdict as excessive made in the trial court. The general practice is that, unless a motion for a new trial upon that ground is made and denied, the question will not be considered in this Court. In the case of *McDonald* v. *Champion Iron & Steel Co.,* 140 Mich 401, 413, Justice BLAIR, speaking for the Court, said:

" 'A verdict which has no evidence upon which to base it is, in law, erroneous, and error can be assigned upon it without making a motion for a new trial.'

"That case was distinguished from *Hunn* v. *Michigan Central R. Co.,* 78 Mich 513 (7 LRA 500); and *Coots* v. *City of Detroit,* 75 Mich 628 (5 LRA 315). Speaking of the case last cited, the Court in the *McDonald Case, supra,* 413, 414, said:

" 'Plaintiff was seriously injured, and was entitled to recover for pain and suffering, as well as for the loss of time and incapacity to work. In such cases the amount of compensation rests entirely in the sound judgment of the jury, and can only be considered where a motion is made for a new trial and denied. In such cases the court very properly said: "Whether damages found by a jury are excessive or not does not present a question of law." '

"There was evidence in the case at bar upon which to base the verdict of the jury. The question pre-

sented to this Court is therefore not a question' of law. We find no reversible error in the case."

Of like import are *Cascarella* v. *National Grocer Co.*, 151 Mich 15; *McCue* v. *Detroit United Railway*, 210 Mich 554; *Ott* v. *Wilson*, 216 Mich 499.

We find no reversible error, and the judgment from which plaintiff has appealed is affirmed, with costs to appellee.

Dethmers, C. J., and Sharpe, Smith, Edwards, Voelker, Kelly, and Black, JJ., concurred.