SMITH v. JONES.

APPEAL AND ERROR—QUESTIONS REVIEWABLE—AMOUNT OF VERDICT.
    Court of Appeals does not review errors alleged by appellant
        plaintiffs who recovered judgment in trial court, where the
        errors alleged would be prejudicial only as to amount of
        verdicts, and no motion was made for new trial on ground
        of inadequacy of verdicts.

Appeal from Kent; Vander Wal (John H.), J. Submitted Division 3 December 6, 1966, at Grand

REFERENCE FOR POINTS IN HEADNOTE
5 Am Jur 2d, Appeal and Error §§ 640, 641.

Rapids. (Docket No. 1,597.) Decided February 14, 1967. Rehearing denied March 29, 1967. Leave to appeal granted July 25, 1967. See 379 Mich 772.

Complaint by Ollie Mae Smith and Ollie Z. Smith, her husband, against Louis Jones and Heriberto Miranda, for personal injuries and medical expenses caused by automobile driven by Jones and owned by Miranda. Verdict and judgment for plaintiffs. Plaintiffs appeal. Affirmed.

*Marcus, McCroskey, Libner, Reamon, Williams & Dilley* (*William G. Reamon* and *Thea Rossi Barron*, of counsel), for plaintiffs.

*Cholette, Perkins & Buchanan* (*Edward D. Wells*, of counsel), for defendants.

QUINN, P. J. As the result of injuries sustained by Ollie Mae Smith when an automobile owned by Miranda and driven by Jones struck the front porch of plaintiffs' residence causing a piece of wood to strike Ollie Mae on the leg, plaintiffs filed complaint for damages for such injuries, pain and suffering, impairment of earning capacity and the medical expense for care and treatment of Ollie Mae incurred by her husband, Ollie Z. Smith. The allegation of liability as to Miranda is that he "was guilty of gross negligence and wanton misconduct in entrusting the operation of his automobile to an intoxicated person." The latter was Jones who was never served with process and never became a party. With respect to this allegation, Miranda answered that he did not know Jones was intoxicated at the time he was operating the vehicle. The case was tried with the issue of Miranda's liability thus framed, but on his own motion, the trial judge refused to submit the question of gross negligence to the jury. The

case was submitted to the jury on the basis of negligence and resulted in jury verdicts for plaintiffs, $2,500 for Ollie Mae and $719.85 for Ollie Z. The latter sum was the exact amount of the expense for care and treatment of Ollie Mae. Judgments entered on the verdicts and the trial court file discloses payment thereof.

Plaintiffs appeal and assert a multitude of errors, some of which would clearly require reversal if the jury verdicts had not been in plaintiffs' favor. However, plaintiffs recovered and they made no claim below nor do they claim here that the verdicts were inadequate or against the weight of the evidence. No motion for new trial on the basis of inadequacy was made in the trial court. Since the errors complained of would only be prejudicial with respect to the amount of the verdicts, we believe *Davis* v. *Jermstad* (1957), 350 Mich 439, is dispositive of this appeal and we decline further comment on the errors asserted by plaintiffs.

Affirmed, with costs to defendant.

FITZGERALD and HOLBROOK, JJ., concurred.