# IN THE COURT OF APPEALS OF IOWA

No. 17-1770
Filed September 12, 2018

**AUSTIN LEE MURRAY,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.

_____

Appeal from the Iowa District Court for Story County, John J. Haney, Judge.

Austin Murray appeals the summary dismissal of his application for postconviction relief. **AFFIRMED.**

Christopher A. Clausen of Clausen Law Office, Ames, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., Mullins, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2018).

**MAHAN, Senior Judge.**

Austin Murray appeals the summary dismissal of his application for postconviction relief (PCR). Murray's application challenges the imposition of lifetime parole and lifetime placement on the sex-offender registry upon his guilty plea to one count of lascivious acts with a child, in violation of Iowa Code section 709.8(1) (2015).

Generally PCR proceedings are reviewed for legal error. *Harrington v. State*, 659 N.W.2d 509, 519 (Iowa 2003). However, when constitutional deficiencies are alleged, our review is de novo. *Id.*; *see also Bonilla v. State*, 791 N.W.2d 697, 699 (Iowa 2010).

A PCR court may summarily dismiss an applicant's application pursuant to Iowa Code section 822.6. The dismissal procedure is similar to those set out in our rules of civil procedure. *See State v. Manning*, 654 N.W.2d 555, 559–60 (Iowa 2002). "Therefore, the principles underlying summary judgment procedure apply to motions of either party for disposition of an application for postconviction relief without a trial on the merits." *Id.* at 560. Summary dismissal is limited to disputes regarding "the legal consequences of undisputed facts." *Wallace v. Des Moines Indep. Cmty. Sch. Dist.*, 754 N.W.2d 854, 857 (Iowa 2008); *see also* Iowa Code § 822.6 (permitting the PCR court to grant a party's motion for summary disposition when "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law").

Murray was sentenced to a ten-year term of incarceration upon his guilty plea to one count of lascivious acts with a child, in violation of Iowa Code section 709.8(1). As statutorily required, he was also subject to a special sentence

committing him into the custody of the director of the division of adult corrections for the rest of his life, with eligibility for parole, pursuant to Iowa Code sections 901.5(13) and 903B.1. This special sentence will commence upon Murray's completion of his ten-year term of incarceration. Finally, the sentencing court required Murray register as a sex offender for a period equal to his special sentence, pursuant to Iowa Code section 692A.106. Murray directly appealed his sentence, contending the sentencing court did not make individualized findings and abused its discretion when sentencing him to ten years imprisonment. *See State v. Murray*, No. 16-0406, 2017 WL 362599, at *1 (Iowa Ct. App. Jan. 25, 2017). This court affirmed his sentence. *Id.* Procedendo issued on March 22, 2017.

Acting pro se, Murray filed his application for PCR alleging constitutional violations and claiming his sentence exceeded the maximum authorized by law. He also asserted: "I do not [believe] I should be treated like a person with multiple different cases." His application requested dismissal of his special sentence and sex-offender-registry requirements. PCR counsel was appointed, but no amended application or supporting authority was filed.

The State moved for summary dismissal of Murray's application. The PCR court held a hearing on the motion roughly three months later. At the hearing, Murray's counsel argued the imposed sentences amounted to cruel and unusual punishment and violated Murray's right to due process. He also contended he should be given more time to provide evidence and fully brief an argument in support of Murray's claims.

The PCR court concluded *State v. Graham*, 897 N.W.2d 476, 491 (Iowa 2017) (declining to declare lifetime parole and offender registration cruel and unusual as applied to juvenile offenders), foreclosed Murray's cruel and unusual claims because, as an adult offender, he is afforded fewer safeguards than juveniles subject to the same sentences. It disposed of his due-process claim by noting Iowa Code section 692A.128 provides a means to request relief and the imposition of registration requirements at sentencing is not a due process violation. *See State v. Cox*, No.16-0102, 2017 WL 4317289, at *6–8 (Iowa Ct. App. Sept. 27, 2017). The court also concluded Murray's claims are not yet ripe for consideration. *See id.* at *6. Finally, it noted Murray did not claim trial or appellate counsel provided ineffective assistance and Murray failed to provide a sufficient reason why he failed to bring his claims on direct appeal. The court granted the State's motion for summary dismissal, and Murray appeals.

On appeal, Murray argues the court erred in granting summary dismissal without first providing Murray an opportunity to develop the record and amend his petition as needed. He also argues his PCR trial counsel provided ineffective assistance for failing to seek discovery, evaluate and amend the pro se application, or file a response to the State's motion for summary judgment.

On our review, we note several months passed between the filing of the motion for summary dismissal and the hearing on the matter, and Murray concedes this noting, "the hearing was conducted a few months later." Murray provides no reasoning as to why he required more time to prepare for the hearing or an indication of what additional information he would have gathered in the interim that would have aided the court in its deliberation. However, it is of no consequence

because Murray's special sentence and registration requirement are not subject to challenge until they go into effect after he completes his term of imprisonment. *See State v. Tripp*, 776 N.W.2d 855, 858–59 (Iowa 2010) (determining constitutional challenge to special sentence of lifetime parole is not ripe for review until defendant begins serving sentence); *Anderson v. State*, No. 17-0691, 2018 WL 1634879, at *1 (Iowa Ct. App. Apr. 4, 2018) (affirming dismissal of PCR petition challenging constitutionality of special sentence imposing lifetime parole because defendant was not yet subject to the special sentence and the claim was not ripe for review); *Cox*, 2017 WL 4317289 at *6 (concluding constitutional challenge to lifetime sex-offender registration not ripe for appeal because it is not yet imposed); *State v. Robinson*, No. 15-0614, 2016 WL 1130611, at *1 (Iowa Ct. App. Mar. 23, 2016) (determining defendant may not challenge constitutionality of lifetime parole until he begins serving term of parole because issue is not yet ripe for review); *State v. Hall*, No.15-0341, 2016 WL 541054, at *1 (Iowa Ct. App. Feb. 10, 2016) (concluding constitutional challenge to special sentence of lifetime parole and required lifetime sex-offender registration is not ripe for review because defendant had yet to be subject to the sentences); *State v. Justice*, No. 14-0151, 2014 WL 5862041, at *1 (Iowa Ct. App. Nov. 13, 2014) (concluding constitutional challenge not ripe for review when challenged sentence was yet to be imposed). Because Murray's special sentence and sex-offender registration requirement are not yet ripe for constitutional challenge, the PCR court's summary dismissal was proper. *See Tripp*, 766 N.W.2d at 859; *Anderson*, 2018 WL 1634879 at *1; *Cox*, 2017 WL 4317289 at *6; *Robinson*, 2016 WL 1130611 at *1; *Hall*, 2016 WL 541054 at *1; *Justice*, 2014 WL 5862041 at *1.

We next address Murray's ineffective-assistance claim alleging PCR trial counsel's representation was constitutionally deficient. To succeed, Murray must show counsel failed to perform an essential duty and resulting prejudice. *See State v. Thorndike*, 86 N.W.2d 316, 320 (Iowa 2015). If he fails to make either showing, then his claim fails. *See id.* Murray takes issue with counsel's failure to seek discovery, evaluate and amend his pro se application, or file a response to the State's motion for summary judgment. But on appeal, he concedes "[he] cannot specifically point to any action which trial counsel did or failure to do which would have changed the outcome of [the] hearing." By his own admission, Murray cannot demonstrate deficient performance or prejudice. "Judge are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). We will not comb the record to construct an argument for Murray based on his bare assertion. Murray's ineffective-assistance claim fails.

**AFFIRMED.**