### GABRISH *v.* MORSE.

1. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED —PEDESTRIAN'S DIRECTION OF TRAVEL.

   Testimony of defendant motorist in action by administratrix of estate of deceased pedestrian as to direction of latter's travel in street after alighting from a bus when hit by defendant was properly disregarded by trial court in nonjury case as a matter equally within the knowledge of deceased (CL 1948, § 617.65).

2. AUTOMOBILES — NONJURY TRIAL — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE.

   Finding of trial court for plaintiff administratrix of estate of deceased pedestrian in her action against defendant motorist on question of latter's negligence and contributory negligence of deceased *held,* not contrary to the preponderance of the evidence, where trial court chose to believe testimony given at trial of a disinterested witness rather than a previous statement taken and prepared by a claims adjuster for defendant's insurer or defendant's own testimony.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Witnesses § 250.
[2] 5A Am Jur, Automobiles and Highway Traffic §§ 1013, 1016.
[3] 58 Am Jur, Witnesses § 770.
   Extrajudicial statements by witness who is subject to cross-examination as evidence of facts to which they relate. 133 ALR 1454.
[4] 15 Am Jur, Damages § 209.

3. Evidence—Prior Statements—Impeachment.
    A prior statement of a witness that is introduced for impeach-
    ment purposes bears solely upon the credibility of the witness
    and may not be considered for the purpose of establishing
    the substantive truth of such prior statements.

4. Damages—Pain and Suffering.
    Award of $4,000 to plaintiff administratrix of estate of deceased
    pedestrian who had lived some 26 hours after being hit by de-
    fendant's car *held*, not shocking or excessive, where there is tes-
    timony that decedent had been conscious, responded to com-
    mands and spoke, and that she groaned and thrashed about.

Appeal from Saginaw; Huff (Eugene Snow), J.
Submitted April 6, 1960. (Docket No. 22, Calendar
No. 48,083.) Decided September 15, 1960.

Case by Josephine A. Gabrish, special administra-
trix of the estate of Anna Gabrish, deceased, against
Donald E. Morse for damages under the death act
arising when automobile struck pedestrian. Judg-
ment for plaintiff. Defendant appeals. Affirmed.

*John P. Murphy, Jr.,* for plaintiff.

*Smith, Brooker & Harvey,* for defendant.

Souris, J. This was an action for damages under
the wrongful death act,* tried by the court without a
jury.

Plaintiff's decedent had disembarked from a south-
bound bus which had stopped at Gage street on Gen-
esee street in Saginaw. Gage street does not cross
Genesee. It terminates there. Similarly, on the
other side of Genesee street, and northward of the
terminus point of Gage street, Annesley street ter-
minates at Genesee from the east. There were no
markings outlining the crosswalks across Genesee
from either Gage street or from Annesley street.

---

* CL 1948, § 691.581 (Stat Ann 1959 Cum Supp § 27.711).

However, the Saginaw general code of ordinance, chap 2, art 1, § 101.1, defines "crosswalk" to include "that portion of a roadway ordinarily included within the prolongation or connection of the lateral lines of sidewalks at intersections."

It was plaintiff's theory of the case that decedent was struck by defendant's automobile after she had commenced to cross Genesee street from a point near the rear of the bus from which she had disembarked and while she was lawfully upon the roadway included within the prolongation of the lateral lines of the Annesley street sidewalk. Defendant, on the other hand, testified (subject to plaintiff's objection) that decedent was crossing Genesee street at an angle and claimed, therefore, that she was not lawfully upon the roadway. His testimony was disregarded by the trial court, as indicated by its written opinion, because it related to a matter which, if true, must have been equally within the knowledge of the deceased, contrary to CL 1948, § 617.65 (Stat Ann § 27.914).

Defendant claims error in the exclusion of his testimony relating to decedent's direction of travel. He also claims that the finding was against the preponderance of the evidence and that the damage award made by the trial court was excessive.

It is defendant's claim that plaintiff has the affirmative burden of proving that decedent's direction of travel was equally within her own knowledge before the statute, *supra,* could be invoked to bar defendant's testimony relating thereto. Defendant relies upon *Noonan* v. *Volek,* 246 Mich 377; *Tomczyk* v. *Detroit, Grand Haven & Milwaukee R. Co.,* 267 Mich 474; *Hanna* v. *McClave,* 271 Mich 133; and *In re Boyer's Estate,* 281 Mich 618. The first 3 cases cited involved acts of the opposite party or of a third party alleged to be equally within the deceased's knowledge, and in each case this Court properly required an affirmative showing that the deceased did, in fact,

have such knowledge before the statutory bar could be invoked.

*In re Boyer's Estate, supra,* however, involved the position of decedent driver's automobile as it was driven by decedent around a curve in the dead of night. In that case the Court required affirmative proof that the driver knew his position on the highway before plaintiff properly could be barred from testifying that the car was on the wrong side of the road. In support of its ruling, this Court said (p 619) that "drivers do not always know or realize their precise position on the highway, especially at night." But in the case at bar, plaintiff's decedent was a pedestrian. There was testimony that she and a companion stepped into Genesee street directly opposite the Annesley street sidewalk; that they looked both ways; that decedent first proceeded straight across Genesee; and that she then stopped prior to reaching the center line of the roadway, where she was struck by defendant's automobile. To say that it does not affirmatively appear that decedent's direction of travel was equally within her own knowledge would be to hold, as this Court said in *Quick* v. *Western Michigan Transportation Co.,* 294 Mich 402, 407, that, although the decedent was in the exercise of her faculties of sight, it must be further proved that what she saw was within her knowledge. We cannot find error in the trial court's disregard of defendant's testimony. See *Davis* v. *Jermstad,* 350 Mich 439, 442.

Defendant's second claim of error is that the finding of the trial court was against the preponderance of the evidence. Defendant asserts that the evidence clearly preponderates in his favor respecting the issue of his negligence as well as the contributory negligence of the deceased. However, the only testimony which gives credence to defendant's view of the accident is the testimony of defendant himself.

As opposed to this, however, there is the testimony of a completely disinterested witness to the effect that defendant's automobile was on the left side of the road, striking the deceased as she was waiting for him to pass.

Defendant would discount this latter testimony because of allegedly inconsistent prior statements by the disinterested witness. It would be well to note here that even where such prior statements are wholly inconsistent, when introduced for impeachment purposes they bear solely upon the credibility of the witness and are not considered for the purpose of establishing the substantive truth of such prior statements. *Rosenberg* v. *Mageda,* 251 Mich 696, 699; *In re Dalton Estate,* 346 Mich 613, 622.

In the case at bar, it is not at all certain that the prior statement was inconsistent with the witness' testimony. The prior statement, taken and prepared by a claims adjuster for defendant's insurance company and signed by the witness, merely stated that the witness heard the accident, omitting any reference to whether or not she saw it. At the trial she described the accident as she said she saw it occur. There is no contradiction in fact unless we imply that since the prior statement merely stated that she heard the accident, she must not have seen it. In any event, the trial court, acting without a jury, chose to believe her testimony at the trial. Considering that testimony, the finding was not contrary to the preponderance of the evidence.

The final question posed by appellant is, "Was the award of damages made by the trial court excessive?"

The question merits little discussion. The alleged excessiveness is grounded upon the allowance of $4,000 for conscious pain and suffering. There was evidence that decedent was conscious, responded to commands and spoke, and that she groaned and

thrashed about.   She lived aproximately 26 hours after the accident.   In his opinion, the trial judge considered other cases reviewed by this Court in which damage awards were affirmed for terminal pain and suffering and then awarded plaintiff the sum of $4,000.   We cannot in good conscience say that the award was shocking or otherwise excessive. Affirmed.   Costs to plaintiff.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and KAVANAGH, JJ., concurred.