McCAIN, Judge.
Michelle Renee Smith, the two-year-old daughter of the plaintiff Lois Smith, was struck by a truck driven by the defendant, Robert Alvin Miller. Miller was acting within the scope of his employment for the defendants, Henry and Carlie Laskey, d/b/a Laskey Sales Company. As a result of the injuries she sustained, Michelle died.
Plaintiff filed an action as administra-trix of her deceased child’s estate, in which she claimed damages for pain and suffering endured by the infant, and for the loss of prospective estate. At various points in the *774 record this suit was referred to as a survival action, under Section 45.11, F.S.1965 (now Section 46.021, F.S.1967, F.S.A.). It is clear from the damages claimed, however, that this suit actually was a joinder of a survival action (under the above provision) and a wrongful death action maintained by the administratrix. Sections 768.-01 and 768.02, F.S.1967, F.S.A. The manner in which these actions were combined is not put in issue by defendants on appeal and we therefore do not treat that question.
The jury returned a verdict of $31,200.-00 and the trial court ordered a remittitur of $21,200.00, which plaintiff refused to accept. Plaintiff brought appeal No. 1652 from the order granting defendants a new trial.
Plaintiff, as the widowed mother, also brought an action under the Wrongful Death of Minors Act, Section 768.03, F.S. 1967, F.S.A. The jury returned a verdict of $28,800.00 for plaintiff and the trial court entered a judgment n. o. v. for defendants, finding plaintiff to be contribu-torily negligent as a matter of law. Plaintiff brings appeal No. 1653 from the entry of this judgment n. o. v.
The appeals were consolidated for our consideration. In both instances we reverse.
In number 1652, the combined survival and wrongful death action, both pain and suffering and loss of estate were properly elements of damage. The former under the survival statute and the latter under the wrongful death act. See Ake v. Birnbaum, 1945, 156 Fla. 735, 25 So.2d 213; Guarniere v. Henderson, Fla.App.1965, 171 So.2d 617. We have carefully reviewed the record and are of the opinion that there was ample evidence to support the jury’s findings. See Holland Paving Co. v. Dann, Fla.App.1964, 169 So.2d 849 (cert. dismissed Fla., 173 So.2d 145); Seaboard Air Line Railroad Co. v. Gay, Fla.App.1967, 201 So.2d 238.
We consider the trial court to have abused its discretion in granting a new trial and therefore reverse in number 1652 with directions to reinstate the verdict for plaintiff in the amount of $31,200.00.
With regard to the Wrongful Death of Minor’s action, the trial court directed a verdict on the basis that the evidence conclusively established that the plaintiff-mother was contributorily negligent in not maintaining close enough supervision over her child. Again we have reviewed the evidence and find that there was conflicting testimony sufficient to permit a jury determination of the question. We feel the established rule was clearly summarized by our sister court in Rofer v. Jensen, Fla.App.1962, 141 So.2d 791, 793, when it stated:
“The general rule, of course, is that issues of negligence or contributory negligence are to be determined by the jury and ordinarily should not be disposed of by the Court in a peremptory manner. Where the facts are such that reasonable persons may fairly arrive at different conclusions, the question of negligence or contributory negligence should be submitted to a jury.” (Citations omitted.)
We therefore reverse with directions to reinstate the verdict of $28,800.00 for plaintiff in number 1653.
Reversed and remanded.
CROSS, J., concurs.
REED, J., concurs, in part, and dissents, in part, with opinion.