(No. 45195.-

CHARRYL MURPHY, Admx., *et al.*, Appellants, v. MARTIN OIL CO. *et al.*, Appellees.

*Opinion filed January 23, 1974.—Rehearing denied March 28, 1974.*

John J. Sullivan, William J. Harte, and William P. Colson, all of Chicago, for appellants.

Baker & McKenzie, of Chicago (Francis D. Morrissey and Thomas F. Bridgman, of counsel), for appellee Martin Oil Co.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (D. Kendall Griffith and Thomas M. Hamilton, Jr., of counsel), for appellee James Hocker.

MR. JUSTICE WARD delivered the opinion of the court:

The plaintiff, Charryl Murphy, as administratrix of her late husband, Jack Raymond Murphy, and individually, and as next friend of Debbie Ann Murphy, Jack Kenneth Murphy and Carrie Lynn Murphy, their children, filed a complaint in the circuit court of Cook County against the defendants, Martin Oil Company and James Hocker. Count I of the complaint claimed damages for wrongful death under the Illinois Wrongful Death Act and count II sought damages for conscious pain and suffering, loss of wages and property damage. The circuit court allowed the defendants' motion to strike the second count of the complaint on the ground that it failed to state a cause of action. When the court further ordered that there was no just reason for delaying enforcement or appeal from this order the plaintiffs then appealed the dismissal under Rule 304 (50 Ill.2d R. 304) to the appellate court. That court affirmed the dismissal of count II of the complaint as to its allegations of pain and suffering and reversed the judgment as to its allegations of loss of wages and property damage. The cause was remanded with directions to reinstate as much of count II as related to loss of wages and property damage. (4 Ill. App. 3d 1015.) We granted the plaintiff's petition for leave to appeal.

The first count set out the factual background for the complaint. It alleged that on June 11, 1968, the defendants owned and operated a gasoline station in Oak Lawn, Cook County, and that on that date the plaintiff's decedent, Jack Raymond Murphy, while having his truck filled with gasoline, was injured through the defendants' negligence in a fire on the defendants'

premises. Nine days later he died from the injuries. Damages for wrongful death were claimed under the Illinois Wrongful Death Act. (Ill. Rev. Stat. 1971, ch. 70, pars. 1 and 2.) The language of section 1 of the statute is:

> "Whenever the death of a person shall be caused by wrongful act, neglect or default, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then and in every such case the person who or company or corporation which would have been liable if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony."

The second count of the complaint asked for damages for the decedent's physical and mental suffering, for loss of wages for the nine-day period following his injury and for the loss of his clothing worn at the time of injury. These damages were claimed under the common law and under our survival statute, which provides that certain rights of action survive the death of the person with the right of action. (Ill. Rev. Stat. 1971, ch. 3, par. 339.) The statute states:

> "In addition to the actions which survive by the common law, the following also survive: actions of replevin, actions to recover damages for an injury to the person (except slander and libel), actions to recover damages for an injury to real or personal property or for the detention or conversion of personal property, actions against officers for misfeasance, malfeasance, or nonfeasance of themselves or their deputies, actions for fraud or deceit, and actions provided in Section 14 of Article VI of 'An Act relating to alcoholic liquors', approved January 31, 1934, as amended."

On this appeal we shall consider: (1) whether the plaintiff can recover for the loss of wages which her decedent would have earned during the interval be-

tween his injury and death; (2) whether the plaintiff can recover for the destruction of the decedent's personal property (clothing) at the time of the injury; (3) whether the plaintiff can recover damages for conscious pain and suffering of the decedent from the time of his injuries to the time of death.

This State in 1853 enacted the Wrongful Death Act and in 1872 enacted the so-called Survival Act (now section 339 of the Probate Act). This court first had occasion to consider the statutes in combination in 1882 in *Holton v. Daly,* 106 Ill. 131. The court declared that the effect of the Wrongful Death Act was that a cause of action for personal injuries, which would have abated under the common law upon the death of the injured party from those injuries, would continue on behalf of the spouse or the next of kin and would be "enlarged to embrace the injury resulting from the death." (106 Ill. 131, 140.) In other words, it was held that the Wrongful Death Act provided the exclusive remedy available when death came as a result of given tortious conduct. In considering the Survival Act the court stated that it was intended to allow for the survival of a cause of action only when the injured party died from a cause other than that which caused the injuries which created the cause of action. Thus, the court said, an action for personal injury would not survive death if death resulted from the tortious conduct which caused the injury.

This construction of the two statutes persisted for over 70 years. (*E.g., Wilcox v. International Harvester Co.* (1917), 278 Ill. 465, 472; *Susemiehl v. Red River Lumber Co.* (1941), 376 Ill. 138.) Damages, therefore, under the Wrongful Death Act were limited to pecuniary losses, as from loss of support, to the surviving spouse and next of kin as a result of the death. (*Ohnesorge v. Chicago City Ry. Co.* (1913), 259 Ill. 424.) Under the survival statute damages recoverable in

a personal injury action, as for conscious pain and suffering, loss of earnings, medical expenses and physical disability, could be had only if death resulted from a cause other than the one which gave rise to the personal injury action.

This court was asked in 1941 to depart from its decision in *Holton v. Daly* and to permit, in addition to a wrongful death action, an action for personal injuries to be brought, though the injuries had resulted in the death of the injured person. This court acknowledged that there had been other jurisdictions which held contrary to *Holton v. Daly* and permitted the bringing of both actions, but the court said that any change in the rule in *Holton* must come from the legislature. (*Susemiehl v. Red River Lumber Co.* (1941), 376 Ill. 138.) In 1960, however, in *Saunders v. Schultz,* 20 Ill.2d 301, this court noted the absence of legislative action and permitted a widow to recover for funeral and medical expenses in an action which was independent of and in addition to an action brought by her for damages under the Wrongful Death Act. It was said:

> "Viewing the situation realistically, this liability of the surviving spouse for such expenses constitutes very real damages. Since that liability results from defendant's tortious conduct, it is only legally sound, and in accordance with basic negligence principles, that the burden of such damages should fall, not on the innocent victim, but upon the tortfeasor.
>
> * * *
>
> The estate or the spouse, either or both as the circumstances indicate, are entitled to recover for pecuniary losses suffered by either or both which are not recoverable under the Wrongful Death act, and all cases holding the contrary are overruled." 20 Ill.2d 301, 310-311.

Later, in *Graul v. Adrian* (1965), 32 Ill.2d 345, this court approved an action brought for medical and funeral expenses of a child, which had been concurrently brought with an action brought under the Wrongful Death Act.

While the specific ground of decision in *Graul* was the family-expense section of the Husband and Wife Act (Ill. Rev. Stat. 1961, ch. 68, par. 15), and though some have contended that *Saunders v. Schultz* was based on the liability of the widow there under the Husband and Wife Act, it has become obvious that the Wrongful Death Act is no longer regarded as the exclusive remedy available when the injuries cause death. Too, it is clear that the abatement of actions is not favored.

This disapproval of abatement was expressed in *McDaniel v. Bullard* (1966), 34 Ill.2d 487, where the parents and sister of an infant, Yvonne McDaniel, had been killed in an automobile collision. An action was begun on behalf of Yvonne under the Wrongful Death Act and shortly after the filing of the action Yvonne died from causes which were unrelated to the collision. This court rejected the defendant's contention that the pending action under the Wrongful Death Act was abated or extinguished upon Yvonne's death. In holding that an action under the Wrongful Death Act survived under the terms of the Survival Act upon the death of the victim's next of kin, this court said, at pages 493-4: "Today damages from most torts are recognized as compensatory rather than punitive, and there is no reason why an estate that has been injured or depleted by the wrong of another should not be compensated whether the injured party is living or not. [Citation.] The rule of abatement has its roots in archaic conceptions of remedy which have long since lost their validity. The reason having ceased the rule is out of place and ought not to be perpetuated." We concluded

that under the Survival Act the action for wrongful death did not abate but might be maintained for the benefit of Yvonne's estate.

This disfavoring of abatement and enlarging of survival statutes has been general. In Prosser, Handbook of the Law of Torts (4th ed. 1971), at page 901, it is said: "[T]he modern trend is definitely toward the view that tort causes of action and liabilities are as fairly a part of the estate of either plaintiff or defendant as contract debts, and that the question is rather one of why a fortuitous event such as death should extinguish a valid action. Accordingly, survival statutes gradually are being extended; and it may be expected that ultimately all tort actions will survive to the same extent as those founded on contract." And at page 906 Prosser observes that where there have been wrongful death and survival statutes the usual holding has been that actions may be concurrently maintained under those statutes. The usual method of dealing with the two causes of action, he notes, is to allocate conscious pain and suffering, expenses and loss of earnings of the decedent up to the date of death to the survival statute, and to allocate the loss of benefits of the survivors to the action for wrongful death.

As the cited comments of Prosser indicate, the majority of jurisdictions which have considered the question allow an action for personal injuries in addition to an action under the wrongful death statute, though death is attributable to the injuries. Recovery for conscious pain and suffering is permitted in most of these jurisdictions. (See Speiser, Recovery For Wrongful Death, sec. 11:31 (1966).) Permitting decisions include: *Louisville & N.R.R. Co. v. Porter* (1920), 205 Ala. 131, 87 So. 288; *Erhart v. Hummonds* (1960), 232 Ark. 133, 334 S.W.2d 869; *McCoy v. Raucci* (1968), 156 Conn. 115, 239 A.2d 689; *Coulson v. Shirks Motor Express Corp.* (1954), 48 Del. 561,

107 A.2d 922; *Smith v. Laskey* (Fla. App. 1969), 222 So. 2d 773; *Rosenthal v. O'Neal* (1963), 108 Ga. App. 54, 132 S.E.2d 150; *Furumizo v. United States* (D. Hawaii 1965), 245 F. Supp. 981, *aff'd* (1967), 381 F.2d 965; *Fitzgerald v. Hale* (1956), 247 Iowa 1194, 78 N.W.2d 509; *J. Wilton Jones Co. v. Liberty Mutual Insurance Co.* (1970 La. App.), 248 So. 2d 878, *appeal denied* (1971), 259 La. 61, 249 So. 2d 202; *Campbell v. Romanos* (1963), 346 Mass. 361, 191 N.E.2d 764; *Gabrish v. Morse* (1960), 361 Mich. 39, 104 N.W.2d 757; *Sandifer Oil Co. v. Dew* (1954), 220 Miss. 609, 71 So. 2d 752; *Marinkovich v. Tierney* (1932), 93 Mont. 72, 17 P.2d 93; *Foster v. Maldonado* (D.N.J. 1970), 315 F. Supp. 1179, *appeal denied,* 433 F.2d 348; *Stang v. Hertz Corp.* (N.M. App. 1969), 81 N.M. 69, 463 P.2d 45, *aff'd* (1970), 81 N.M. 348, 467 P.2d 14; *O'Neil v. State* (Ct. Cl. 1971), 66 Misc. 2d 936, 323 N.Y.S.2d 56; *Fielder v. Ohio Edison Co.* (1952), 158 Ohio St. 375, 109 N.E.2d 855; *Skoda v. West Penn. Power Co.* (1963), 411 Pa. 323, 191 A.2d 822; *Brooks v. United States* (D.S.C. 1967), 273 F. Supp. 619; *Plank v. Heirigs* (1968), 83 S.D. 173, 156 N.W.2d 193; *Louisville & N.R.R. Co. v. Tucker* (6th Cir. 1954), 211 F.2d 325; *Mitchell v. Akers* (Tex. Civ. App. 1966), 401 S.W.2d 907; *Legg v. Britton* (1890), 64 Vt. 652, 24 A. 1016; *Ide v. Wamser* (1964), 22 Wis. 2d 325, 126 N.W.2d 59.

Too, recovery is allowed under the Federal Employer's Liability Act for a decedent's conscious pain and suffering provided it was not substantially contemporaneous with his death. *Great Northern R.R. Co. v. Capital Trust Co.* (1916), 242 U.S. 144, 61 L. Ed. 208, 37 S. Ct. 41; *Wetherbee v. Elgin, Joliet & Eastern Ry. Co.* (7th Cir. 1951), 191 F.2d 302.

We consider that those decisions which allow an action for fatal injuries as well as for wrongful death are to be preferred to this court's holding in *Holton v. Daly* that

the Wrongful Death Act was the only remedy available when injury resulted in death.

The holding in *Holton* was not compelled, we judge, by the language or the nature of the statutes examined. The statutes were conceptually separable and different. The one related to an action arising upon wrongful death; the other related to a right of action for personal injury arising during the life of the injured person.

The remedy available under *Holton* will often be grievously incomplete. There may be a substantial loss of earnings, medical expenses, prolonged pain and suffering, as well as property damage sustained, before an injured person may succumb to his injuries. To say that there can be recovery only for his wrongful death is to provide an obviously inadequate justice. Too, the result in such a case is that the wrongdoer will have to answer for only a portion of the damages he caused. Incongruously, if the injury caused is so severe that death results, the wrongdoer's liability for the damages before death will be extinguished. It is obvious that in order to have a full liability and a full recovery there must be an action allowed for damages up to the time of death, as well as thereafter. Considering "It is more important that the court should be right upon later and more elaborate consideration of the cases than consistent with previous declarations" (*Barden v. Northern Pacific R.R. Co.* (1894), 154 U.S. 288, 322, 38 L. Ed. 992, 1000), we declare *Holton* and the cases which have followed it overruled. What this court observed in *Molitor v. Kaneland Community Unit Dist. No. 302* (1959), 18 Ill.2d 11, 26, may appropriately be said again:

> "We have repeatedly held that the doctrine of *stare decisis* is not an inflexible rule requiring this court to blindly follow precedents and adhere to prior decisions, and that when it appears that public policy and social needs require a departure from prior decisions, it is our duty as a court of

last resort to overrule those decisions and establish a rule consonant with our present day concepts of right and justice. (*Bradley v. Fox,* 7 Ill.2d 106, 111; *Nudd v. Matsoukas,* 7 Ill.2d 608, 615; *Amann v. Faidy,* 415 Ill. 422.)"

For the reasons given, the judgment of the appellate court is affirmed insofar as it held that an action may be maintained by the plaintiff for loss of property and loss of wages during the interval between injury and death, and that judgment is reversed insofar as it held that the plaintiff cannot maintain an action for her decedent's pain and suffering.

*Affirmed in part; reversed in part.*