507 F.Supp. 21 (1980)
In re AIR CRASH DISASTER NEAR CHICAGO, ILLINOIS ON MAY 25, 1979.
Kathleen DeYOUNG, Mother and Personal Representative of Rhonda Ann DeYoung, Deceased, Plaintiff,
v.
McDONNELL DOUGLAS CORPORATION, a corporation, and American Airlines, Inc., a corporation, Defendants.
MDL No. 391,
No. 79 C 2790.
United States District Court, N. D. Illinois, E. D.
November 4, 1980.
*22 Rick M. Schoenfield, Joseph A. Ettinger & Assoc. Ltd., Chicago, Ill., for plaintiff.
Norman J. Barry, Rothschild, Barry & Myers, Chicago, Ill., for defendant McDonnell Douglas Corp.
Thomas D. Allen, Wildman, Harrold, Allen & Dixon, Chicago, Ill., for defendant American Airlines, Inc.

MEMORANDUM AND ORDER
ROBSON and WILL, Senior District Judges.
The plaintiff filed this wrongful death and survival action to recover damages arising from her daughter's death in the crash of an American Airlines DC-10 passenger jet on May 25, 1979. The plaintiff filed discovery requests seeking information regarding the last moments of flight 191. This discovery is aimed at establishing pain and suffering or psychological injuries allegedly suffered by her daughter prior to her death. Defendants American Airlines, Inc., and McDonnell Douglas Corporation (hereinafter American and MDC) have moved to strike and dismiss or for partial summary judgment on the plaintiff's claims for damages for pre-death pain and suffering of her daughter. They have also moved to quash discovery requests related to these claims. For the reasons hereinafter stated, the motion to strike or dismiss or for summary judgment is granted in part and denied in part.

The Effect of the Parties' Stipulation Regarding Damages
In this case, as in some of the other cases arising from this air crash, the defendants and plaintiff have signed a stipulation regarding liability and compensatory damages. In this stipulation, American and MDC have waived their right to contest liability for compensatory damages and the plaintiff has waived any claim for punitive damages. Both parties now contend that the stipulation precludes the other from maintaining their position regarding pain and suffering damages. The plaintiff claims that American and MDC, by agreeing not to contest their liability for compensatory damages resulting from the crash, have waived any objection to a claim for pain and suffering damages. MDC and American contend that, by waiving all claims other than compensation to survivors, the plaintiff has waived any right to claim damages for conscious pain and suffering.
It has been clear since the stipulation was first discussed that its primary purpose is to remove questions of liability under the wrongful death statutes in exchange for a waiver of a claim for punitive damages from this litigation. During in-court discussion of the stipulation, defendants repeatedly stated that they were reserving the right to contest the standing of individual plaintiffs, the existence of causes of action or damage claims, and similar legal issues. No party ever indicated that it considered the stipulation a waiver of claims for specific items of compensatory damages or conversely of objections to such claims. In light of the discussions had at pretrial conferences concerning the stipulation and its effect, it is clear that the stipulation in and of itself does not preclude plaintiffs' claims for damages for pain and suffering or preclude defendants' objections to such claims.

The Availability of Pain and Suffering Damages
The present motion concerns only the availability of pain and suffering damages in an action involving an Illinois decedent. American refers to the damages in question as "pre-impact fright and terror." MDC refers to these damages as "psychological injuries." American and MDC also contend that damages for post-impact pain and suffering are not recoverable under the undisputed facts of this accident. Plaintiff refers *23 to her claim as one for damages for pre-death pain and suffering. It is clear that all parties are referring to the physical or mental anguish allegedly suffered by the passengers of flight 191 during the last few moments prior to their deaths. For convenience, we will refer to the damages in question as simply "pain and suffering" damages.
All parties apparently concede, and we agree, that Illinois law governs the availability of pain and suffering damages in this action. Cf. In Re Air Crash Disaster Near Chicago, Illinois, MDL 391, 480 F.Supp. 1280 (N.D.Ill.1979). Prior to 1974, Illinois did not permit recovery for conscious pain and suffering where the injuries resulted in death. In Holton v. Daly, 106 Ill. 131 (1882), the Illinois Supreme Court held that a wrongful death action was the exclusive remedy where death resulted from tortious conduct. In 1974, the Illinois Supreme Court reversed Holton v. Daly, holding that in addition to a wrongful death action, an action for conscious pain and suffering, medical expenses, and loss of earnings could be brought under the Survival Act. Murphy v. Martin Oil Co., 56 Ill.2d 423, 308 N.E.2d 583 (1974). In that case, the decedent was severely burned in an explosion at a service station. Nine days later, he died of his injuries. The court held that the administrator of his estate could recover for his conscious pain and suffering prior to death, as well as compensatory damages for his dependents under the Wrongful Death Act.
Illinois courts have, however, limited claims for pain and suffering to those which are directly connected with a contemporaneous bodily injury. See, e. g., Carlinville National Bank v. Rhoads, 63 Ill.App.3d 502, 20 Ill.Dec. 386, 380 N.E.2d 62 (1st Dist. 1978). These courts have disallowed claims for negligent infliction of emotional distress or mental anguish unless the distress or anguish was caused by bodily injury. See, e. g., Carlinville, supra; City of Chicago v. McLean, 133 Ill. 148, 24 N.E. 527 (1890). In other cases, Illinois courts have denied recovery where negligent behavior caused alarm or fear but no physical injury. See, e. g., Benza v. Shulman Air Freight, 46 Ill.App.3d 521, 5 Ill.Dec. 91, 361 N.E.2d 91 (1st Dist. 1977); Rosenberg v. Packerland Packing Co., 55 Ill.App.3d 959, 13 Ill.Dec. 208, 370 N.E.2d 1235 (1st Dist. 1977).
In the present case, the plaintiff's claims for pain and suffering are really two separate claims. First, she seeks damages for the fright and terror allegedly experienced by her daughter prior to the impact, during the final "roll" towards the ground. Second, she seeks damages for her daughter's possible conscious pain and suffering after the initial impact or injury and before death.
As for her first claim, we conclude that she cannot recover. Since, under Illinois law, an individual can recover for emotional distress or suffering only when the distress is caused by a physical injury, plaintiff cannot recover for the fright and terror her daughter may have experienced in anticipation of physical injury.
The plaintiff argues that this case is distinguishable from Illinois cases which have denied claims for pre-impact suffering because in this case, unlike other cases, physical injury did in fact occur. She asks that we merely extend the time for recovery of pain and suffering damages to include the period immediately prior to an inevitable physical injury. She notes that a similar argument was accepted by the Court of Appeals for the Fifth Circuit in Solomon v. Warren, 540 F.2d 777 (5th Cir. 1977). In that case, a light plane was lost at sea after the pilot radioed that his fuel was low. Neither the plane nor the bodies of the occupants were recovered; consequently there was no evidence as to whether or not the passengers died instantaneously. Nevertheless, the court held that the jury could award pain and suffering damages for the few seconds or minutes prior to the crash even if they found that the passengers died immediately upon impact. As the court stated:
We are unable to discern any reason based on either law or logic for rejecting a claim because in this case as to at least *24 part of the suffering, this sequence [impact, then suffering] was reversed.
Id. at 793. In his dissenting opinion, Judge Gee disagreed, stating:
[T]o reverse the sequence is to abandon the rationale of the impact rule: any compensated mental pain and suffering must be caused by a physical impact. The airplane crash and the Levins' resulting death were not the "but for" cause of whatever anxiety they may have suffered prior to their deaths. Their prior fears would not have been diminished had the plane leveled off at the last moment and avoided disaster altogether. This is because the Levins' anxiety for their own safety and their children's future well being was caused by the anticipation of death, not by the actual crash that presumably killed them. It is not enough that some impact accompany the mental suffering, the impact must cause the fears if they are to be compensable. Only then can courts measure mental duress by some means other than sheer speculation.
Id. at 797.
No Illinois court has directly discussed this issue. Given the Illinois courts' previous refusal to recognize claims for damages based on the plaintiff's fear or apprehension of danger, however, we believe that at present Illinois would not allow the plaintiff to maintain a claim for her daughter's alleged fright and terror prior to the crash. For this reason, insofar as the plaintiff seeks damages for conscious mental pain and suffering preceding any physical injury, her claim is stricken.
As far as the plaintiff's second claim is concerned, we conclude that she is entitled to seek damages for any pain and suffering her daughter endured after the plane crashed and before she died. Illinois law clearly permits recovery for conscious pain and suffering which results directly from a physical injury. In this case, there is some dispute as to whether any physical injury occurred prior to death. At least one plaintiff contends that passengers could have been injured in the cabin prior to the initial impact through the movement of the plane in its final seconds. Additionally, plaintiffs contend that it has not been shown that all of the passengers perished instantly upon impact. It appears to be undisputed that the wing of the plane struck the ground first, followed almost immediately by the nose of the aircraft. Plaintiffs contend that upon the wing impact, severe injuries prior to death were or could have been sustained by some passengers. Under these circumstances, discovery must be permitted in order to ascertain whether there is any evidence of such injuries.[1]
American argues that the time interval in this action was so short that, as a matter of law, a passenger's conscious pain and suffering prior to death is not compensable. We disagree. Courts have allowed claims of conscious pain and suffering to be determined by a jury where extremely short time intervals were involved. See Furumizo v. United States, 381 F.2d 965 (9th Cir. 1967); Driscoll v. United States, 456 F.Supp. 143 (D.Del.1978); Wiggins v. Lane, 298 F.Supp. 194 (E.D.La.1969). Although the jury must consider the duration of the pain and suffering in assessing the amount of damages to be awarded, that a person suffered for only a short time is not a bar to a claim for damages for this suffering.
MDC argues that insofar as the plaintiff bases the defendants' liability on a products liability theory, there can be no recovery for conscious pain and suffering. As MDC apparently concedes, however, a products liability action, like a negligence action, survives the death of the plaintiff. Since damages recoverable in a products *25 liability action include conscious pain and suffering resulting from bodily injury, the plaintiff may claim damages for conscious pain and suffering regardless of the liability theory on which she proceeds.

Discovery
As we stated earlier, this motion arose when the plaintiff filed discovery requests seeking information regarding her daughter's pain and suffering prior to death. Having examined those discovery requests, we find that they are, to a large extent, duplicative of earlier discovery requested by the plaintiffs' committee coordinating liability discovery. In order to eliminate duplicative discovery requests, discovery on the issue of pain and suffering will be coordinated in the following manner. Any plaintiffs' attorney interested in participating in discovery relating to pain and suffering will inform liaison counsel of their interest within fifteen days. These attorneys will also inform the court, as soon thereafter as possible, of what discovery they intend to take and the time required to complete it.[2]

Conclusion
For the reasons stated above, we deny the motions of defendants American and MDC to strike and dismiss the plaintiff's claims for her daughter's pain and suffering except as to the claim for damages for any fright and terror her daughter may have experienced prior to physical injury.
An appropriate order will enter.
NOTES
[1] Our decision not to strike or dismiss the plaintiff's claims for pain and suffering damages obviously does not mean that the plaintiff will recover on her claims. Our decision means only that the plaintiff may be able to recover such damages if she can prove that her daughter consciously suffered after the crash. Prior to discovery on this issue, it is not possible to determine whether or not any evidence will support the plaintiff's claims.
[2] These attorneys will, undoubtedly, consider formation of a discovery committee similar to that of the liability discovery committee, should numerous attorneys wish to participate in such discovery. We assume any committee would serve under the same terms as the liability discovery committee.