ROBERT W. HOWE, Adm'r of the Estate of Cloyd Howe, Deceased, Plaintiff-Appellant, *v.* CLARK EQUIPMENT COMPANY, Defendant-Appellee.— (KEITH KEMPER, Defendant.)

Fourth District   No. 17365

Opinion filed February 18, 1982.

Phebus, Tummelson, Bryan & Knox, of Urbana (Joseph W. Phebus and Janet E. Flaccus, of counsel), for appellant.

Wildman, Harrold, Allen & Dixon, of Chicago (Fred E. Schulz and Ruth E. Van Demark, of counsel), for appellee.

JUSTICE WEBBER delivered the opinion of the court:

This appeal presents a question concerning punitive damages; specifically, whether they are recoverable under section 2 of the Wrongful Death Act (Ill. Rev. Stat. 1979, ch. 70, par. 2) or under section 27—6 of the Probate Act of 1975 (Ill. Rev. Stat. 1979, ch. 110½, par. 27—6) (the Survival Act), or under neither. Since the case comes to us at the pleading stage, we are not called upon to decide what factual basis may exist for their imposition.

Plaintiff, as administrator of the estate of Cloyd Howe, deceased, filed a four-count complaint against the defendant. The basis of the suit was that of strict liability. The factual allegations were that defendant was the manufacturer of an end loader known as a Melroe Bobcat; and that the decedent, while operating the Bobcat, sustained injuries which ultimately resulted in his death as a result of unreasonably dangerous conditions, or a combination thereof, existing in the Bobcat. Counts I and III sought compensatory damages under the Wrongful Death Act and for personal injuries to the decedent, respectively. These counts are still pending at the trial level and are not involved in this appeal.

Counts II and IV reiterated the factual allegations and further alleged wilful and wanton disregard for the safety of the public on the part of the defendant. They sought punitive damages under the Wrongful Death Act and for personal injuries and were parallel to counts I and III.

On motion of the defendant, the circuit court of Champaign County dismissed counts II and IV on the basis that there is no right to punitive damages under either the Wrongful Death Act or the Survival Act. On motion of the plaintiff, the trial court made the necessary finding under Supreme Court Rule 304(a) (73 Ill. 2d R. 304(a)), and this appeal ensued.

■■ It is fundamental that a motion to dismiss admits all well-pleaded facts and therefore, for the purposes of this appeal, we must assume as a matter of law that the Bobcat was unreasonably dangerous, that the unreasonably dangerous condition was the cause of the decedent's injuries and subsequent death, and that the defendant was guilty of wilful and wanton misconduct in the manner described in counts II and IV. All that then remains is a question of law, whether under any circumstances punitive damages may be recovered under the aforementioned statutes.

The positions of the parties, stated briefly, are: plaintiff maintains alternatively that (1) there is a common law action for wrongful death, apart from and in addition to the statute, under which punitive damages may be recovered as in any common law action; or (2) the prior authorities under the Wrongful Death Act may be read to allow punitive damages. Defendant maintains that the Wrongful Death Act speaks only of "fair and just compensation" and that this language automatically precludes any consideration of punitive damages.

As to the Survival Act, the positions, stated briefly, are: plaintiff maintains that prior authorities permit punitive damages. Defendant maintains that the Survival Act speaks only of "injury to the person" and that a death action is not included within the scope of that language under the prior authorities.

A concentrated history of the statutes will be helpful before proceeding to an examination of the authorities. The original rule, stemming from *Baker v. Bolton* (K.B. 1808), 1 Camp. 493, 170 Eng. Rep. 1033, was that "in a civil court, the death of a human being could not be complained of as an injury." In order to abrogate the harshness of the rule, the legislature in 1853 enacted the predecessor of the Wrongful Death Act, and followed this in 1872 by enacting the Survival Act.

Early interpretations of these acts were quite restrictive. *Holton v. Daly* (1882), 106 Ill. 131, held that the Wrongful Death Act was the exclusive remedy and that no common law action existed on account of the presence of the statute. It was also held that the Survival Act allowed survival of an action only when death resulted from a cause other than the act which caused the original injury.

■■ Commencing in 1960, the supreme court began to relax somewhat these strictures. In *Saunders v. Schultz* (1960), 20 Ill. 2d 301, 170 N.E.2d 163, the court held that there existed a common law right to recover funeral and medical bills incurred as a result of the tortious conduct. This right was held to exist independently of the Wrongful Death Act and decisions to the contrary were overruled. The court noted that such expenses were imposed on a surviving spouse, or on the estate of the decedent, by law and constituted very real damages, and the court further observed that the common law is responsive to changing obligations and

relationships. Plaintiff here relies on this language in arguing that the time has come to recognize a common law action for wrongful death beyond the statute.

■■ The next step was taken by the supreme court in 1974 with *Murphy v. Martin Oil Co.* (1974), 56 Ill. 2d 423, 308 N.E.2d 583. In that case the court expressly overruled *Holton* and held that the Survival Act was the proper vehicle to recover damages for the pain and suffering experienced by the decedent from the time of the injury until the time of death, even when the injury was the direct cause of death. The seminal language in the opinion is:

> "The remedy available under *Holton* will often be grievously incomplete. There may be a substantial loss of earnings, medical expenses, prolonged pain and suffering, as well as property damage sustained, before an injured person may succumb to his injuries. To say that there can be recovery only for his wrongful death is to provide an obviously inadequate justice. Too, the result in such a case is that the wrongdoer will have to answer for only a portion of the damages he caused. Incongruously, if the injury caused is so severe that death results, the wrongdoer's liability for the damages before death will be extinguished. It is obvious that in order to have a full liability and a full recovery there must be an action allowed for damages up to the time of death, as well as thereafter." 56 Ill. 2d 423, 431, 308 N.E.2d 583, 587.

■■ It is thus clear that the Wrongful Death Act is no longer a bar to claims for pain and suffering on the part of the decedent and to claims for expenses relating to his illness and death and resulting from the tortious conduct. These pass under the Survival Act.

However, in neither *Saunders* nor *Murphy* was the court faced with a claim for punitive damages. That subject came before the court in *Mattyasovszky v. West Towns Bus Co.* (1975), 61 Ill. 2d 31, 330 N.E.2d 509, and in *National Bank of Bloomington v. Norfolk & Western Ry. Co.* (1978), 73 Ill. 2d 160, 383 N.E.2d 919.

*Mattyasovszky* rather clearly rejected any notion of punitive damages under the Survival Act; it likewise stated quite unequivocally that no common law action for wrongful death existed in this State and that the Wrongful Death Act was limited to compensatory damages. However, as to the Survival Act, it is not equally clear on what basis the court was persuaded.

In *Mattyasovszky* the decedent, a 12-year-old boy, was killed when he fell under the wheels of a bus. The imponderable element in the case is that the driver of the bus, the agent of the defendant corporation, had been dismissed out of the action. After rejecting the punitive claim under the Survival Act, the court then stated:

"Moreover, the punitive and admonitory justifications for the imposition of punitive damages are sharply diminished in those cases in which liability is imposed vicariously. [Citations.] With respect to this problem, section 217C of the Restatement (Second) of Agency states:

'Punitive damages can properly be awarded against a master or other principal because of an act by an agent if, but only if:

(a) the principal authorized the doing and the manner of the act, or

(b) the agent was unfit and the principal was reckless in employing him, or

(c) the agent was employed in a managerial capacity and was acting in the scope of employment, or

(d) the principal or a managerial agent of the principal ratified or approved the act.'

Serious questions inevitably arise in a case like the present, in which the driver of the bus, whose conduct was primarily responsible for the injury, is no longer a party defendant because he was dismissed by the plaintiff before the case went to the jury." 61 Ill. 2d 31, 36-37, 330 N.E.2d 509, 512.

The decision thus appears to leave open the question of vicarious liability for punitive damages, assuming that all the conditions of section 217C of the Restatement (Second) of Agency (1958) are met.

■■ *National Bank of Bloomington* explicated the proposition. Punitive damages had been assessed pursuant to the provisions of section 73 of the Public Utilities Act (Ill. Rev. Stat. 1979, ch. 111 2/3, par. 77). The supreme court stated that the Survival Act does not create a new cause of action, but simply allows the personal representative of the decedent to maintain those statutory and common law actions which the decedent possessed at the time of his death. The court again stated that the Wrongful Death Act is not the exclusive remedy. The critical language of the decision insofar as punitive damages are concerned is:

"This court's decision in *Mattyasovszky v. West Towns Bus Co.* (1975), 61 Ill. 2d 31, does nothing to abate the defendant's *statutory liability* for punitive damages upon the death of the injured person. In *Mattyasovszky*, where the decedent died instantly, his estate sought to recover punitive damages which the decedent, *under the common law*, might have recovered had he survived. The court summarily denied recovery of punitive damages because the Survival Act itself has 'never been thought to authorize the award of punitive damages.' [Citation.] The court, however, did not base its denial of common law punitive damages on the broad propo-

sition that punitive damages are unrecoverable when injury results in death. The court held that the imposition *of punitive damages was improper in light of the fact that the party whose conduct was primarily responsible for the injury had been dismissed from the action.*" (Emphasis in original.) 73 Ill. 2d 160, 173, 383 N.E.2d 919, 924.

In our opinion, this decision stands for three propositions: (1) the dismissal of the agent in *Mattyasovszky* and the consequent loss of any basis thereby for vicarious liability was the basis for the holding in that case; (2) that the Survival Act is only a conduit whereby any causes of action possessed by the decedent may be prosecuted by his personal representative; and (3) that if statutory causes of action for punitive damages survive, by extension of logic there is no bar to similar common law causes of action.

The instant case, being one sounding in strict liability in tort wherein wilful and wanton misconduct is charged, fits within the pattern established by *National Bank of Bloomington*. If the decedent had survived and were able to prove his allegations, he might have been entitled to punitive damages. (*Moore v. Jewel Tea Co.* (1969), 116 Ill. App. 2d 109, 253 N.E.2d 636, *aff'd* (1970), 46 Ill. 2d 288, 263 N.E.2d 103.) No question of vicarious liability, or the lack of it, is present in the instant case and no reason appears why under the conduit theory of *National Bank of Bloomington* the decedent's common law cause of action for punitive damages did not pass to the plaintiff.

Punitive damages is an emotional subject and has generated much strident debate within the legal profession. If they are viewed in their traditional and historical context as being in the nature of punishment and as a warning and example to deter the defendant and others from committing like offenses in the future (*Eshelman v. Rawalt* (1921), 298 Ill. 192, 131 N.E. 675), the question of death becomes immaterial. Warning and deterrence will be just as great whether the injured party is alive or dead.

Plaintiff urges us to follow the supreme court's lead in *Saunders* and find that there is a common law action for wrongful death based upon "* * * the genius of our common law that it can be, and is, responsive to the changing obligations and relationships within our legal system." (20 Ill. 2d 301, 310, 170 N.E.2d 163, 168.) However socially desirable that may be, in view of the supreme court's denial of the proposition in *Mattyasovszky*, it must remain with that body, or with the legislature, to effect such a sweeping change in the law.

■■ We therefore find that the circuit court of Champaign County was correct in dismissing count II (punitive damages for wrongful death) and its action in so doing is affirmed; we further find that it was incorrect in dismissing count IV (punitive damages for personal injury) and its action

in so doing is reversed. The cause is therefore remanded to that court with directions to reinstate count IV and for further proceedings in accordance with the views expressed herein.

Affirmed in part, reversed in part, and remanded with directions.

MILLS and LONDRIGAN, JJ., concur.