Jay LARSON, Plaintiff,

v.

Thomas WIND, et al., Defendants.

No. 81 C 1061.

United States District Court,
N. D. Illinois, E. D.

May 13, 1982.

Steven J. Rosenberg, Chicago, Ill., for plaintiff.

---

Wayne B. Giampietro, Gregory N. Freerksen, DeJong, Poltrock & Giampietro, Chicago, Ill., for Addison defendants.

John B. Murphy, Ancel, Glink, Diamond, Murphy & Cope, Chicago, Ill., for Villa Park defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Jay Larson ("Larson") originally sued the Villages of Addison ("Addison") and Villa Park ("Villa Park"), the City of Elmhurst ("Elmhurst") and several of those municipalities' identified and unidentified police officers, alleging that all defendants violated Larson's civil rights in connection with the December 28, 1980 shooting of Larson by Addison police officer Thomas Wind. On January 25, 1982 Larson died from causes unrelated to the shooting incident.

Defendants now move to dismiss Larson's 42 U.S.C. § 1983 ("Section 1983") action (or alternatively, to strike the Complaint's claims for punitive damages) as having abated on Larson's death. For the reasons stated in this memorandum opinion and order, defendants' motions are denied in their entirety.

*Robertson v. Wegmann*, 436 U.S. 584, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978) teaches that the answer to Section 1983 survivability questions is to be found in 42 U.S.C. § 1988 ("Section 1988"). Section 1988 provides that when federal law is "deficient" as to "suitable remedies" in civil rights actions, federal courts are to apply:

the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of [the] civil ... cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States.

To that end *Robertson*, 436 U.S. at 594, 98 S.Ct. at 1997, directs inquiry into whether

strict application of the state survivorship law "has [an] independent adverse effect on the policies underlying § 1983." Thus defendants must obtain negative answers to each of two questions:

(1) Does Illinois law permit survival of the claim at issue (either the cause of action itself or the prayer for punitive damages)?

(2) If not, does enforcement of such non-survival have "an independent adverse effect on the policies underlying" Section 1983?

One step rather than two suffices to preserve Larson's claims on the merits as to the individual defendants. Ill.Rev.Stat. ch. 110½, § 27-6 (the "Survival Act") provides:

In addition to the actions which survive by the common law, the following also survive: ... actions to recover damages for an injury to the person (except slander and libel), ... actions against officers for misfeasance, malfeasance, nonfeasance of themselves or their deputies....

In *Beard v. Robinson*, 563 F.2d 331, 333–34 (7th Cir. 1977) our Court of Appeals held the Survival Act assured survival of a Section 1983 action against police officers as one "against officers for misfeasance, malfeasance, or nonfeasance of themselves or their deputies."

True enough, the plaintiff's decedent in *Beard* had died from the same conduct that underlay the substantive Section 1983 claim. Larson's case is not factually identical, for his death was unrelated to the December 28, 1980 shooting. But that is a distinction without a difference in Survival Act terms.

Both *Beard* and this case involve shootings by police officers. In Survival Act language, each complaint claims "misfeasance" or "malfeasance." Whether the allegedly wrongful conduct caused death (as in *Beard*) or did not (as here) is wholly irrelevant. Larson's claim is unabated.[1]

---

1. *Addison*, Wind and Addison Police Chief Alexander Gorr advance another untenable reason for abatement: Section 1983 creates a "statutory" cause of action, and under Illinois law "statutory causes of action do not survive,

unless declared to do so by the statute itself or unless provision for its survival is made by some other statute" (Br. 3). That argument carries its own death warrant. Even if Section 1983 is viewed as the Addison defendants con-

As for the defendant municipalities, Larson's action against them could well be viewed as one "to recover damages for an injury to the person," also kept alive by the Survival Act. And even were that not the case, the second stage of the *Robertson* analysis would preserve the claim. *Monell v. Department of Social Services*, 436 U.S. 658, 664–89, 98 S.Ct. 2018, 2022–35, 56 L.Ed.2d 611 (1978) reflects a studied judgment by the Supreme Court that to permit Section 1983 actions against municipalities importantly serves the underlying policies of that statute. This Court's earlier opinion in this case, No. 81 C 1061 (N.D.Ill. Feb. 22, 1982), sustained Larson's claim against the municipalities in direct reliance on *Monell*. It would clearly disserve the purposes of the Civil Rights Act—causing an "independent adverse effect on the policies underlying § 1983"—to permit the fact of Larson's later death to change the result.

Larson's claim for punitive damages poses a bit more difficulty. Illinois law looks in two directions. *Mattyasovszky v. West Towns Bus Co.*, 61 Ill.2d 31, 330 N.E.2d 509 (1975) holds that punitive damages may not be recovered under the Survival Act, at least where the initial action was at common law or under the Illinois Wrongful Death Act. But very recently the Illinois Appellate Court has held in *Howe v. Clark Equipment Co.*, 104 Ill.App.3d 45, 48–50, 59 Ill.Dec. 835, 838–39, 432 N.E.2d 621, 624–25 (4th Dist. 1982) that punitive damages *do* survive at least where the original injured party's right to recover them stemmed from a statutory source.

It is unnecessary however to decide the vexing questions presented by *Howe*. Even if *Mattyasovszky* is given a broad reading rather than the restricted one suggested by *Howe*, it would still not control the result here if the disallowance of punitive damages would have "an independent adverse effect on the policies underlying Section 1983."

In this Court's opinion it would. In *O'Connor v. Several Unknown Correctional Officers*, 523 F.Supp. 1345, 1349 (E.D.Va. 1981) Judge Merhige correctly identified deterrence as a major policy underlying Section 1983. Other courts have held punitive damages may be awarded under Section 1983 where defendants act with the malicious intention to deprive a person of his rights. *Haywood v. Ball*, 634 F.2d 740, 742–43 (4th Cir. 1980); *Zarcone v. Perry*, 572 F.2d 52, 54–57 (2d Cir. 1978). That sort of *conscious behavior* is most susceptible to being deterred by the award of punitive damages.[2] This Court therefore agrees with the *O'Connor* conclusion: Section 1983's purpose of deterrence would be subverted by slavish application of a state survivorship rule denying punitive damages.[3]

### Conclusion

Defendants' motions to dismiss, or in the alternative to strike plaintiff's punitive damage claims, because of Larson's death are denied. This action will continue unabated.

tend, at least as to the individual defendants, the Illinois Survival Act itself is a separate statute making "provision for its survival."

2. Of course another important policy underlying Section 1983 would be undercut were the broadly-read *Mattyasovszky* rule to be followed: *punishment* of the kind of civil rights violations this society finds most abhorrent—those involving a state official's malicious intention to deprive an individual of his or her civil rights.

3. *O'Connor* like *Beard* involved a person whose death stemmed from the same wrongful act that gave rise to the claim. Once again the distinction is not material. Death claims admittedly state the strongest case for punitive damage awards, for we wish to deter most powerfully malicious and intentional deprivation of a plaintiff's civil rights resulting in death. But *O'Connor* did not rely on the *result* of the deprivation to justify bypassing the state survivorship rule; it focused instead on the *state of mind* that caused the deprivation. Deterrence of willful conduct is important whatever its consequence, and so punitive damages serve the statutory goal in this type of case as well as in *O'Connor*.