Piedad **WILLIAMS, et al., Plaintiffs,**

v.

**CITY OF OAKLAND, et al., Defendants.**

No. C–93–3418 MHP.

United States District Court,
N.D. California.

Jan. 29, 1996.

John L. Burris and Heidi Rand, John L. Burris Law Offices, Oakland, CA, for plaintiffs.

Claudia Leed, Oakland City Attorney's Office, Oakland, CA, Randolph W. Hall, Asst. City Atty., Jayne W. Williams, Oakland City Attorney's Office, Oakland, CA, and Charles O. Triebel, Oakland, CA, for defendants.

## OPINION

PATEL, District Judge.

Piedad Williams filed this action in September 1993 pursuant to 42 U.S.C. § 1983 alleging that Oakland police officers unlawfully seized and searched her and in the course of doing so used excessive force. Ms. Williams died on December 31, 1994 from causes unrelated to the incident. Franklin Williams, her husband, was permitted by stipulated order to substitute into the action as the administrator of her estate representing himself and her heirs and survivors. The complaint seeks general, special and punitive damages, and attorney's fees and costs. The parties now dispute what damages Ms. Williams' survivors may recover.

Mr. Williams moves for a partial summary judgment ordering that the survivors are entitled to recover damages for the physical, mental and emotional pain and suffering that Ms. Williams sustained as a result of the alleged violation.[1]

The question posed by this motion is whether pain and suffering damages, which do not survive under California law, are nonetheless available to survivors in a civil rights action under section 1983 where the deceased plaintiff died of causes unrelated to the incident.

Since the motion raises a pure question of law, it is amenable to partial summary judgment under Federal Rule of Civil Procedure 56(c) and (d).

Having considered the parties' arguments and submissions, and for the reasons set forth below, the court enters the following memorandum and order.

## DISCUSSION

■ The body of federal law invoked by plaintiff's complaint is referred to as the civil rights statutes, 42 U.S.C. § 1981, et seq. Section 1983 is one of these statutes. The civil rights statutes, including section 1983, do not include their own implementation or enforcement provisions. To the extent such provisions exist they are contained in section 1988. Section 1988 provides that the statutes shall be enforced in accordance with federal law, "but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies" the law of the state of jurisdiction shall apply "so far as the same is not inconsistent with the Constitution and laws of the United States". 42 U.S.C. § 1988(a). Neither section 1988, nor any other provision of the federal civil rights statutes governed by it, addresses the survivorship of claims and

---

1. The motion also seeks summary judgment on the entitlement of survivors to attorneys' fees. Defendant does not dispute that successful survivors may obtain attorneys' fees under section 1983. Therefore, that matter is not in issue.

remedies upon the death of the holder of the claim. Thus, the governing statutes are deficient.

Plaintiff offers two theories to fill the deficiencies of sections 1983 and 1988: either (1) federal common law should supply the rules, or (2) California law should apply except insofar as it limits damages and, therefore, is inconsistent with the purposes underlying the civil rights statutes.

The federal common law approach was rejected in the leading Supreme Court decision in this area. *Robertson v. Wegmann*, 436 U.S. 584, 98 S.Ct. 1991, 56 L.Ed.2d 554 (1978). In *Robertson* the Court noted that there was some support for interpreting the term "common law" as used in section 1988 to mean federal common law, but found it unnecessary to resolve that question because the state survivorship statute "plainly governs this case." 436 U.S. at 590, n. 5, 98 S.Ct. at 1995.[2]

■ *Robertson* is equally clear in holding that the law of the state of jurisdiction is the law that applies unless it is inconsistent with Constitutional or federal law. Thus, California survivorship law governs and provides the basis for any further inquiries under section 1988.[3] *See also Brazier v. Cherry*, 293 F.2d 401 (5th Cir.), *cert. denied*, 368 U.S. 921, 82 S.Ct. 243, 7 L.Ed.2d 136 (1961); *Guyton v. Phillips*, 532 F.Supp. 1154, 1165 (N.D.Cal.1981).

The parties do not dispute that under California Code of Civil Procedure § 377.20 this action survives the death of Ms. Williams and by reason of its provisions it may be brought by the decedent's survivors. Section 377.20 states: "[e]xcept as otherwise provided by statute, a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period." Cal.Civ.Proc.Code § 377.20 (West Supp.1996). However, section 377.34 limits the recoverable damages to loss or damages the decedent incurred before death, including punitive damages, but specifically excluding pain and suffering.

■ The remaining inquiries under section 1988, and the ones presented by this motion, are whether this limitation is inconsistent with federal law and, if so, what rule applies. Under the formulation articulated in *Robertson* the court must look not only to the particular federal law providing the cause of action, but also to the policies underlying it. *Id.* at 590, 98 S.Ct. at 1994–95. Quoting *Sullivan v. Little Hunting Park, Inc.*, 396 U.S. 229, 240, 90 S.Ct. 400, 406, 24 L.Ed.2d 386 (1969), the Court found the touchstone of the analysis to be whether the "ultimate rule adopted under § 1988 'is a federal rule responsive to the need whenever a federal right is impaired.'" *Robertson*, 436 U.S. at 588–89, 98 S.Ct. at 1994. The acknowledged purposes of a section 1983 action are to compensate persons who have suffered a constitutional violation and deter or prevent "official illegality". *Id.* at 590–92, 98 S.Ct. at 1996.

Relatively few cases have addressed whether the limitations on recovery contained in a state survivorship statute are inconsistent with the purposes of section 1983. The only Supreme Court decision in this area is *Robertson* itself. In that case the plaintiff instituted an action under section 1983. He died while the suit was pending. As in the case at bar, the plaintiff's death was unrelated to the constitutional violation of which he complained. The Court found that Louisiana survivorship law governed, but held that the action abated because the Louisiana statute provided for survival only in favor of the decedent's spouse, children, parents and siblings, none of whom were alive at the time of the plaintiff's death.

■ In this case the question, in light of *Robertson*, is whether California's survivorship statute precluding *all* recovery for pain

---

2. It should be noted that subsequent to *Robertson* and this court's decision in *Guyton v. Phillips*, 532 F.Supp. 1154, 1166 (N.D.Cal.1981), where this court explained why federal common law would provide the more appropriate rule but found *Robertson* controlling, the Supreme Court turned to federal common law in developing a standard for punitive damages in section 1983 actions. *Smith v. Wade*, 461 U.S. 30, 33, 103 S.Ct. 1625, 1628, 75 L.Ed.2d 632 (1983).

3. The parties do not dispute that the appropriate "state of jurisdiction" in this case is California.

and suffering is inconsistent with section 1983 when the victim's death was not a result of the constitutional violation. This is a question of first impression. Neither the plaintiff nor defendants have cited any controlling authority, nor has the court found any, that addresses this specific issue. On an earlier occasion this court held that such limitations would be wholly anomalous and inconsistent with federal civil rights laws where the victim died as a result of the same excessive force that gave rise to his claim. *Guyton*, 532 F.Supp. at 1166. Plaintiff argues that the holding in *Guyton* should be extended to include survivors whose decedent died from causes unrelated to the conduct complained of, in other words, all survivors in a section 1983 action. Unlike the Louisiana statute in *Robertson*, plaintiff contends, the applicable California statute is fundamentally inconsistent with federal law because it cuts off all damages for pain and suffering even where there are surviving next of kin. Defendants, on the other hand, maintain that because the death in the instant action was unrelated to the official misconduct, providing pain and suffering damages would serve no deterrent effect. In support of their argument defendants point to a passage in *Robertson* which states that for there to be even a marginal influence on behavior, in a case such as this one, "one would have to make the rather farfetched assumptions that a state official had both the desire and the ability deliberately to select as victims only those persons who would die before conclusion of the § 1983 suit (for reasons entirely unconnected with the official illegality).…" *Robertson*, 436 U.S. at 592 n. 10, 98 S.Ct. at 1996 n. 10.

This court concludes that plaintiff has the better of the arguments. The Supreme Court did not rest its opinion in *Robertson* solely on the fact that the death was unrelated to the civil rights violation. It also relied on a second reason, saying "*and* Louisiana law provides for the survival of *most* tort actions." *Id.* at 594, 98 S.Ct. at 1997 (emphasis added). By its own admission, the Court's ruling was a "narrow one", limited to situations where the statute itself has no independent adverse effect on the purposes of section 1983. *Id.* The Court gave great weight to the fact that abatement operated only where there were no next of kin, noting that "surely few persons are not survived by one of these close relatives.…" *Id.* at 591–92, 98 S.Ct. at 1996. The court further explained that "given that most Louisiana actions survive the plaintiff's death, the fact that a particular action might abate surely would not adversely affect § 1983's role in preventing official illegality.… [T]he fact that [plaintiff] was not survived by one of several close relatives should not itself be sufficient to cause the Louisiana survivorship provisions to be deemed 'inconsistent with the Constitution and laws of the United States.'" *Id.* at 592–93, 98 S.Ct. at 1996–97.

The California statute, in contrast, cuts off *all* recovery for pain and suffering. As a result, the statute has a substantial effect on the type and amount of damages that are recoverable in section 1983 claims where the victim dies before judgment is entered. The importance of the availability of such damages was recognized by this court in *Guyton*, which concluded that, "[t]o deny pain and suffering damages would strike at the very heart of a section 1983 action.… Absent such a remedy, the section 1983 action amounts to little more than a tort claim." *Guyton*, 532 F.Supp. at 1167.

In the same term that *Robertson* was decided the Supreme Court had the opportunity to consider another section 1983 action that is relevant here. In *Carey v. Piphus*, 435 U.S. 247, 256, 98 S.Ct. 1042, 1048, 55 L.Ed.2d 252 (1978), the Court observed that while Congress had not made an explicit provision for the types of damages recoverable under section 1983, it surely contemplated compensatory damages. The Court pointed out the compensatory purposes of an award under section 1983, emphasizing that to effectuate Congress' intent to deter constitutional violations there could be "no more formidable [deterrent] than that inherent in the award of compensatory damages." *Id.* Where, however, state tort rules fail to provide fair compensation, the courts must tailor an appropriate remedy to satisfy the purposes of section 1983, otherwise those purposes would be "defeated if injuries caused by the deprivation of constitutional rights

went uncompensated" merely because of a deficiency in tort law. *Id.* at 258–59, 98 S.Ct. at 1049–50.

■ Several years later the Supreme Court revisited the issue of damages in a section 1983 action. Although the question in *Smith v. Wade,* 461 U.S. 30, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983), did not involve the survival of claims, the Court's opinion is instructive. The Court examined the need for a clear standard for punitive damages in officer brutality cases and noted that the answer lay in whether there were a large number of officers who would not be deterred by compensatory damages. The Court assumed most officers would be deterred. In determining the standard to be adopted for punitive damages, the court went so far as to characterize compensatory damages in a section 1983 action as "mandatory" when a violation is found. *Id.* at 52, 103 S.Ct. at 1638. *Smith* concludes that a showing of a violation will always support compensatory damages. However, the case acknowledges that not all officer misconduct will justify an award of punitive damages. The Court explained the need for the consistent availability of compensatory damages in excessive force cases because they, not punitive damages, provide the standard by which officers should measure their conduct. Only for those officers not sufficiently deterred is a standard for punitive damages generally necessary so that juries may award them where there is evidence of evil motive or reckless indifference to constitutional and federal rights. The *Smith* Court's treatment of compensatory damages makes clear the inconsistency between section 1983 policies and a state survival statute that cuts off "mandatory" damages.

There are other policy considerations that obtain under section 1983. Although a plaintiff may recover punitive damages in a section 1983 action, and under California law such damages survive, a plaintiff's survivor may not be able to make the more difficult showing necessary to recover punitive dam-

ages. Furthermore, the amount of those damages will be governed by the financial condition of the individual officer without regard to the pain and suffering he may have inflicted on the decedent.

■ Punitive damages are not available against the municipality itself in an action under section 1983. *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981). Yet, municipalities are often sued in section 1983 actions on the bases permitted under *Monell v. Dept. of Soc. Serv. of City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), namely, upon a showing of policy, practice or custom. An officer relying upon his department's policies may be entitled to the defense of qualified immunity and escape liability. A strict application of the California survival statute would deprive all survivors of any "mandatory" compensatory damages or punitive damages no matter how egregious the constitutional violation, if the officer could show that he in good faith followed the department's policies. This would leave the deceased plaintiff's survivors with no remedy and the violating defendants with little or no incentive to refrain from illegal conduct.[4]

The implications of adopting the limitation contained in the California statute are far broader than the very limited ones in *Robertson* where the pain and suffering damages abated only because that plaintiff had no next of kin survivors. Here, the deceased plaintiff's husband is in a position to vindicate his wife's rights and receive an award of compensatory damages. He is within the familial range of those affected by defendants' conduct. To deprive him or other survivors of the only element of damages that the deceased might have been able to recover would have a serious adverse effect on the policies underlying section 1983.

In light of the Supreme Court's strong guidance in *Robertson, Carey v. Piphus* and *Smith v. Wade,* and considering the mandate of section 1988, this court concludes that California Code section 377.20 is inimical to,

---

**4.** The court recognizes that successful plaintiffs proceeding on a *Monell* theory may be able to obtain declaratory or injunctive relief against the municipality. However, where the victim is de-

ceased, mootness looms in view of the Supreme Court's holding in *City of Los Angeles v. Lyons,* 461 U.S. 95, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983).

and therefore inconsistent with, the purposes of section 1983.

This holding comports with the conclusions in comparable cases decided by federal appellate and district courts. *Berry v. City of Muskogee,* 900 F.2d 1489 (10th Cir.1990) involved an action where the death was caused by the section 1983 violation. The Tenth Circuit discussed the need for compensation for victims of section 1983 violations and found that a state survival statute which cut off nearly all damages available to the decedent failed to satisfy the purposes of the federal law. *Id.* at 1504–06. In *Bell v. City of Milwaukee,* 746 F.2d 1205, 1234–42, 1250–53 (7th Cir.1984), the Seventh Circuit adopted the state survival statute but found the monetary limitations in the state's wrongful death statute at odds with the purposes of section 1983. The court upheld an award of damages above the state limit in order to vindicate the deprivation of constitutional rights. Similarly, in *Larson v. Wind,* 542 F.Supp. 25, 27 (N.D.Ill.1982), a district court found that a state survivorship statute which precluded recovery for punitive damages was inconsistent with section 1983. *Larson* also involved a plaintiff who died from causes unrelated to the conduct complained of in the action. The court went on to say that "[s]ection 1983's purpose of deterrence would be subverted by slavish application of a state survivorship rule denying punitive damages." *Id.*

This court's conclusion is also consistent with other decisions in areas where the federal courts have had to develop theories of damages to fill the interstices of federal statutes or federal common law. *See generally In re Inflight Explosion on Trans World Airlines, Inc. Aircraft Approaching Athens, Greece on April 2, 1986,* 778 F.Supp. 625, 627–37 (E.D.N.Y.1991), *judgment rev'd on other grounds, Ospina v. Trans World Airlines, Inc.,* 975 F.2d 35 (2d Cir.1992), *cert. denied, Estate of Ospina by Coughlin v. Trans World Airlines, Inc.,* 507 U.S. 1051, 113 S.Ct. 1944, 123 L.Ed.2d 650 (1993).

Finally, having found that section 377.34 is inconsistent with the purposes of section 1983 of the federal civil rights statutes, the court must determine what law provides the rule for survival claims and the damages that survivors may recover. Some courts, finding inconsistencies with state law, have looked explicitly to federal common law. *See e.g., Berry v. City of Muskogee,* 900 F.2d at 1506–07. Other courts have not articulated the rule they are adopting, instead looking to state survivorship law, finding it inconsistent and then permitting the damages excluded by that law. *See e.g., Bass by Lewis v. Wallenstein,* 769 F.2d 1173, 1190 (7th Cir. 1985) (finding state's exclusion of punitive damages inconsistent with federal law and saying merely that it "must give way to federal common law rules that permit recovery."); *O'Connor v. Several Unknown Correctional Officers,* 523 F.Supp. 1345, 1349 (E.D.Va.1981) (state law that provides for neither survival of section 1983 action nor survival of punitive damages under wrongful death statute held inconsistent; survival, compensatory and punitive damages permitted); *Larson,* 542 F.Supp. at 27 (bar to punitive damages under state law); *Thomas v. Frederick,* 766 F.Supp. 540, 560–61 (W.D.La. 1991) (same).

■ This court finds that to give structure and guiding principles to the framing of a rule the court should look to the state statute in the first instance, apply it where it is not inconsistent with the federal law and decline to apply those provisions that are incompatible. In the case of the California statute this can be done without doing violation to the purposes of section 1983 because the statute is not wholly inconsistent. Section 377.20 permits survival of the action. Section 377.34 permits economic damages and punitive damages and to that extent it is not inconsistent. However, the exclusion of pain and suffering wipes out the most significant measure of section 1983 damages and to that extent is inconsistent. By merely forbidding this limitation the court can achieve the consistency required by the Supreme Court and accomplished by the courts cited above.

*CONCLUSION*

■ In accordance with the above discussion, the court GRANTS plaintiff's motion for partial summary judgment and holds that the California survivorship statutes as pro-

vided in sections 377.20 and 377.34 govern this action except insofar as they limit the survivors' recovery of damages for pain and suffering. Substituted plaintiff Franklin Williams may recover pain and suffering damages sustained by the decedent Piedad Williams upon a proper showing.

IT IS SO ORDERED.