[No. B092707. Second Dist., Div. Four. Jan. 31, 1996.]

SUANNE GARCIA, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
COUNTY OF LOS ANGELES et al., Real Parties in Interest.

178

## COUNSEL

Burton & Norris, John C. Burton and Debra K. Butler for Petitioner.

No appearance for Respondent.

Williams & Associates, Christopher Brizzolara, Pollak, Vida & Fisher, Girard Fisher and Daniel P. Barer for Real Parties in Interest.

## OPINION

**VOGEL (C. S.), J.—**

### INTRODUCTION

Following his arrest, which allegedly was accomplished with excessive force including a carotid chokehold, decedent Philip Vogel died of asphyxiation. Alleging that the police and paramedics violated decedent's federal civil rights, decedent's sister, in her capacity as representative of his estate,

brought this action pursuant to the federal Civil Rights Act, 42 United States Code section 1983. In this case we decide whether California's statutory provision for damages in a survival action adequately fulfills the requirements of the federal Civil Rights Act. We hold that it does.

California's statute governing survival of actions, Code of Civil Procedure section 377.34, provides that the only damages recoverable in an estate's lawsuit on the decedent's cause of action are the damages sustained by decedent before death and punitive damages the decedent would have been entitled to had decedent lived; it expressly excludes damages for the decedent's pain and suffering. Plaintiff contends that these limitations in the California statute are inconsistent with federal law, and that in order to effectuate the policies of the federal Civil Rights Act, plaintiff is entitled also to recover damages for decedent's pain and suffering and damages for decedent's "loss of the enjoyment of life," known as "hedonic" damages.[1] Although several lower federal court decisions support plaintiff's reasoning, those opinions are not binding on us. We conclude that the damages available under California law are not inconsistent with the compensatory and deterrent purposes of the federal Civil Rights Act. The trial court was not required to allow plaintiff to seek hedonic damages, a concept foreign to our state survival statute.

### FACTUAL AND PROCEDURAL BACKGROUND

According to the allegations of the first amended complaint: decedent Philip Vogel was detained and arrested by the City of Bell Gardens police, without probable cause, for being under the influence of a controlled substance. The police then used excessive force against decedent, including a carotid chokehold. Decedent was "hogtied like an animal, with his hands and feet bound together behind his back." Los Angeles County paramedics, responding to the scene because decedent appeared "in the throes of a narcotics induced psychosis," placed decedent in an ambulance for transportation to a hospital, on his chest and still "hogtied." On the way, decedent "went into full [cardiac] arrest due to positional asphyxiation resulting from defendants' unreasonable use of restraints." He died a short time later.

The portion of the first amended complaint involved here (third cause of action, entitled "survival action: violation of decedent's civil rights—42 U.S.C. § 1983") is prosecuted by plaintiff and petitioner Suanne Garcia, decedent's sister, as the personal representative of his estate, asserting the cause of action decedent would have had if he survived. In paragraph 23 of

---

[1]Hedonic: "of, characterizing or pertaining to pleasure." (Webster's Encyclopedic Unabridged Dict. of the English Language (1989) p. 657.)

the complaint she alleged: "As a proximate result of the foregoing wrongful acts of defendants, and each of them, the decedent has sustained a loss of the enjoyment of life and other hedonic damages, in an amount in accordance with proof."

Defendants and respondents County of Los Angeles and the two named paramedics moved to strike paragraph 23 on the ground that Code of Civil Procedure section 377.34 does not provide for the estate to recover such damages. Plaintiff opposed the motion on the ground that federal case law allowing such damages was controlling.

The trial court struck paragraph 23 of the complaint. Plaintiff filed the instant petition for a writ of mandate to compel the trial court to set aside its order. We granted an alternative writ of mandate that the court either set aside its order or show cause why the court should not be ordered to set it aside, and temporarily stayed further trial proceedings. Our grant of the alternative writ determined the remedy by appeal was inadequate. (*Langford* v. *Superior Court* (1987) 43 Cal.3d 21, 27 [233 Cal.Rptr. 387, 729 P.2d 822].) The parties might otherwise be forced to try the matter twice. (Cf. *Smith* v. *Superior Court* (1992) 10 Cal.App.4th 1033, 1037 [13 Cal.Rptr.2d 133].) After full briefing and oral argument we now conclude the trial court's order striking the claim for hedonic damages was correct.

## DISCUSSION

State courts exercise concurrent jurisdiction with federal courts in actions based on the federal Civil Rights Act, but because the right being enforced is created by a federal statute, the state courts must apply federal substantive law. (*Chavez* v. *Keat* (1995) 34 Cal.App.4th 1406, 1413-1416 [41 Cal.Rptr.2d 72]; *Bach* v. *County of Butte* (1983) 147 Cal.App.3d 554, 560 [195 Cal.Rptr. 268].)[2] In interpreting a federal statute, we are bound to follow controlling opinions of the United States Supreme Court, but not bound to follow opinions of the lower federal courts. (*Rohr Aircraft Corp.* v. *County of San Diego* (1959) 51 Cal.2d 759, 764 [336 P.2d 521]; *Yee* v. *City of Escondido* (1990) 224 Cal.App.3d 1349, 1351 [274 Cal.Rptr. 551].)

The federal Civil Rights Act does not expressly specify what damages are recoverable for its violation nor whether a cause of action survives

[2]The federal Civil Rights Act, 42 United States Code section 1983 provides in pertinent part, "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

the victim's death. But another of its provisions, 42 United States Code section 1988 directs courts how to enforce the act.[3] In section 1988, Congress has directed courts "to follow a three-step process to borrow an appropriate rule." (*Burnett* v. *Grattan* (1984) 468 U.S. 42, 47 [82 L.Ed.2d 36, 43, 104 S.Ct. 2924].) First, courts look to the laws of the United States so far as such laws are suitable to carry the civil rights statutes into effect. Second, if no suitable federal rule exists, courts consider application of state common law as modified by a state's constitution and statutes. Third, because of the predominance of the federal interest, courts shall apply the state law only if it is not inconsistent with the Constitution and laws of the United States. (*Id.* at pp. 47-48 [82 L.Ed.2d at p. 43].)

Because California's survival statute prevents decedent's cause of action from abating on his death, it promotes the purposes of the federal Civil Rights Act. (Annot. (1979) 42 A.L.R.Fed. 163; *Brazier* v. *Cherry* (5th Cir. 1961) 293 F.2d 401.) The dispute here involves the *damages* recoverable in such an action. The type of damages recoverable in a federal civil rights action involves a question of substantive federal law. "[A]s we read § 1988, . . . both federal and state rules on damages may be utilized, whichever better serves the policies expressed in the federal statutes. Cf. *Brazier* v. *Cherry*, 293 F.2d 401. The rule of damages, whether drawn from federal or state sources, is a federal rule responsive to the need whenever a federal right is impaired." (*Sullivan* v. *Little Hunting Park* (1969) 396 U.S. 229, 240 [24 L.Ed.2d 386, 394, 90 S.Ct. 400].) A state survival statute "provides the principal reference point in determining survival of civil rights actions," but this is "subject to the important proviso that state law may not be applied when it is 'inconsistent with the Constitution and laws of the United States.' " (*Robertson* v. *Wegmann* (1978) 436 U.S. 584, 590 [56 L.Ed.2d 554, 590, 98 S.Ct. 1991].) The question here is whether Code of Civil Procedure section 377.34, to the extent it limits the damages recoverable, is inconsistent with the Constitution and laws of the United States.[4]

There is no binding United States Supreme Court precedent involving an action where a death was caused by a federal civil rights violation, holding

---

[3]Title 42 United States Code section 1988 provides in pertinent part, "The jurisdiction in civil and criminal matters conferred on the district courts by the provisions . . . for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty."

[4]Code of Civil Procedure section 377.34 provides, "In an action or proceeding by a decedent's personal representative or successor in interest on the decedent's cause of action,

that the damages allowed by the governing state law were inadequate and inconsistent with the purposes of the federal Civil Rights Act. The closest the United States Supreme Court has come to addressing this issue is dictum in *Robertson* v. *Wegmann, supra,* 436 U.S. 584. There the death was unrelated to the civil rights violation; after filing his civil rights action the decedent simply died before it came to trial. Under Louisiana law, the representative of decedent's estate was not permitted to maintain decedent's action; certain close relatives would have been entitled under Louisiana law to maintain decedent's action or to sue for injury to their own interests, but the decedent had no such relatives surviving him. (*Id.* at pp. 591, 592 & fn. 9, 593 [56 L.Ed.2d at pp. 561-562, 563].) The Supreme Court held that the policies of the federal Civil Rights Act would *not* be undermined if Louisiana law caused decedent's action to abate. (*Id.* at p. 592 [56 L.Ed.2d at p. 562].) "Under the circumstances presented here, the fact that [decedent] was not survived by one of several close relatives should not itself be sufficient to cause the Louisiana survivorship provisions to be deemed 'inconsistent with the Constitution and laws of the United States.' " (*Id.* at p. 593 [56 L.Ed.2d at p. 563].) By negative implication the court suggested abatement of decedent's cause of action might be inconsistent with federal law if the civil rights violation *caused* the death. The court commented, "the fact that a particular action might abate surely would not adversely affect § 1983's role in preventing official illegality, *at least in situations in which there is no claim that the illegality caused the plaintiff's death.*" (*Id.* at p. 592 [56 L.Ed.2d at p. 562], italics added.)

■ Here, California law does not cause decedent's action to abate. Applying Code of Civil Procedure section 377.34 to allow this action to be pursued certainly does not conflict with either the holding or the dictum in *Robertson.* The question comes back to whether the state statutory limitation on the *damages* recoverable by decedent's estate is inconsistent with federal law. We are cited to no controlling United States Supreme Court decisions concerning what damages must be recoverable in order to satisfy the purposes of the federal Civil Rights Act, where death is caused by the civil rights violation. The Supreme Court has identified as purposes of the federal Civil Rights Act, to "prevent . . . official illegality" (*Robertson* v. *Wegmann, supra,* 436 U.S. at p. 592 [56 L.Ed.2d at p. 562]) and to "compensate persons for injuries caused by the deprivation of constitutional rights." (*Carey* v. *Piphus* (1978) 435 U.S. 247, 254 [55 L.Ed.2d 252, 259, 98 S.Ct. 1042].) In *Carey* the court held that students who were denied due process in

---

the damages recoverable are limited to the loss or damage that the decedent sustained or incurred before death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived, and do not include damages for pain, suffering, or disfigurement."

being suspended from school were entitled to nominal damages without proof of actual injury. (*Id.* at p. 266 [55 L.Ed.2d at pp. 266-267].) In limiting the recovery to nominal damages without actual proof of injury, *Carey* recognized " 'The cardinal principle of damages in Anglo-American law is that of *compensation* for the injury caused to plaintiff by defendant's breach of duty.' [Citation.] The Court implicitly has recognized the applicability of this principle to actions under § 1983 by stating that damages are available under that section for actions 'found . . . to have been violative of . . . constitutional rights *and to have caused compensable injury* . . . .' *Wood* v. *Strickland*, 420 U.S., at 319 . . . ; [citations]. The lower federal courts appear generally to agree that damages awards under § 1983 should be determined by the compensation principle. [Fn. omitted.] [¶] . . . To the extent that Congress intended that awards under § 1983 should deter the deprivation of constitutional rights, there is no evidence that it meant to establish a deterrent more formidable than that inherent in the award of compensatory damages." (*Carey* v. *Piphus, supra,* 435 U.S. at pp. 254-257 [55 L.Ed.2d at pp. 259-260], italics in original.)

Finding no Supreme Court authority compelling the rule advocated by plaintiff, we turn to the lower federal court decisions. A line of cases, primarily in the federal Seventh Circuit, holds that where the civil rights violation killed the victim, the policy of the civil rights law requires that the decedent's estate be compensated for the "value of the loss of the decedent's life," or the "deprivation of the pleasures of life," known as "hedonic" damages, and for the decedent's pain and suffering, even though a state's survival statute does not allow such damages. With the exception of the first case, by a district court in California (*Guyton* v. *Phillips* (N.D.Cal. 1981) 532 F.Supp. 1154, 1167-1168), this line of cases consists of appellate and district courts in the Seventh Circuit routinely adhering to that circuit court's leading decision, *Bell* v. *City of Milwaukee* (7th Cir. 1984) 746 F.2d 1205, 1235-1240. (*Bass By Lewis* v. *Wallenstein* (7th Cir. 1985) 769 F.2d 1173, 1190; *Sherrod* v. *Berry* (7th Cir. 1987) 827 F.2d 195, 205, affg. 629 F.Supp. 159 (N.D.Ill. 1985);[5] *Graham* v. *Sauk Prairie Police Com'n* (7th Cir. 1990) 915 F.2d 1085, 1104-1106; *Doty* v. *Carey* (N.D.Ill. 1986) 626 F.Supp. 359, 363; *Frye* v. *Town of Akron* (N.D.Ind. 1991) 759 F.Supp. 1320, 1325-1326.)[6]

In *Guyton* v. *Phillips, supra,* 532 F.Supp. 1154, police killed a suspect during a chase. The representative of his estate brought a civil rights action

[5]The *Sherrod* court subsequently granted rehearing and reversed the district court's judgment for evidentiary errors, but indicated its adherence to views expressed in the other portions of its prior opinion. (*Sherrod* v. *Berry* (7th Cir. 1988) 856 F.2d 802, 807-808.)

[6]In *Smith* v. *City of Fontana* (9th Cir. 1987) 818 F.2d 1411, 1416-1417, and footnote 8, the Ninth Circuit Court of Appeals noted a potential issue whether California's survival statute was inconsistent with the federal Civil Rights Act, but did not decide it.

pursuant to Probate Code section 573, the predecessor of Code of Civil Procedure section 377.34. Although the state statute did not permit recovery for the decedent's pain and suffering, and limited compensatory damages to relatively small expenses incurred, the district court held the policy of the civil rights law required compensation for decedent's pain and suffering and for the value of the deprivation of the right to life. The court reasoned, "Had the victim survived, he could have recovered, among other things, loss of earnings and pain and suffering. The inescapable conclusion is that there may be substantial deterrent effect to conduct that results in the injury of an individual but virtually no deterrent to conduct that kills its victim." (532 F.Supp. at p. 1166.) Similarly, the purpose of the federal Civil Rights Act to prevent official acts that cause deprivation of rights "is hardly served when the police officer who acts without substantial justification suffers a harsher penalty for injuring or maiming a victim than for killing him." (*Id.* at p. 1167.)

In *Bell* v. *City of Milwaukee, supra,* 746 F.2d 1205, the decedent was shot and killed by police. The Wisconsin survival statute did not allow damages for "loss of life," but the court held this was inconsistent with the purposes of the federal Civil Rights Act. (*Id.* at p. 1236.) The court reasoned that the purposes of the federal law were compensation and deterrence, commenting that one of the primary reasons for enactment of the civil rights statute was to remedy and deter racial killings. The court concluded "there would result more than a marginal loss of influence on potentially unconstitutional actors and therefore on the ability of Section 1983 to deter official lawlessness if the victim's estate could not bring suit to recover for loss of life." (*Id.* at p. 1239.)

We respectfully decline to follow the reasoning of *Guyton* and *Bell.* The deterrent purpose of the federal Civil Rights Act is satisfied, we believe, by the fact that Code of Civil Procedure section 377.34 expressly allows punitive damages the decedent would have been entitled to recover had he survived. (Compare with *McFadden* v. *Sanchez* (2d Cir. 1983) 710 F.2d 907, 910 [punitive damages must be allowed although state survival statute did not permit them]; *Strandell* v. *Jackson County, Ill.* (S.D.Ill. 1986) 634 F.Supp. 824, 832-833 [same]; *Linzie* v. *City of Columbia, Mo.* (W.D.Mo. 1986) 651 F.Supp. 740, 742-743 [state statute causing abatement of cause of action and precluding punitive damages could not be enforced].)

Decedent had a cause of action arising before his death. Code of Civil Procedure section 377.34 permits the representative of decedent's estate to sue on this cause of action. Even though the statute does not permit the estate to recover specific damages for decedent's pain and suffering, California law permits the estate representative to seek punitive damages for the

violation of decedent's rights. (*Urbaniak* v. *Newton* (1991) 226 Cal.App.3d 1128, 1142 [277 Cal.Rptr. 354] [although barred from recovering for emotional distress, estate "can still recover special damages, if any, and may seek punitive damages; for recovery of punitive damages it is only required that 'a tortious act be proven.'"]; *Carr* v. *Progressive Casualty Ins. Co.* (1984) 152 Cal.App.3d 881, 892 [199 Cal.Rptr. 835] ["if damages are actually suffered, punitive damages may be awarded in appropriate cases even if the injured party is not awarded compensatory damages or is only awarded nominal damages"]; *Grimshaw* v. *Ford Motor Co.*(1981) 119 Cal.App.3d 757, 829 [174 Cal.Rptr. 348] [punitive damages available to estate so long as cause of action arose an instant before death].) Consistent with *Carey* v. *Piphus*, *supra*, 435 U.S. 247, 266 [55 L.Ed.2d 252, 266-267] (civil rights plaintiff entitled at least to nominal damages), the estate can seek at least nominal damages as a springboard for substantial punitive damages. (*Finney* v. *Lockhart* (1950) 35 Cal.2d 161, 163-164 [217 P.2d 19] [$1 damages for defamation *per se*, $2,000 punitive damages; "there is no fixed ratio by which to determine the proper proportion" between compensatory and punitive damages].) The reasoning of *Bell* and *Guyton* is that without the prospect of a substantial damage award, an actor violating a victim's civil rights has no disincentive to kill the victim rather than merely injure or maim the victim. We are not persuaded by the hypothetical example of a legally knowledgeable actor calculating that he would incur lesser liability by killing the victim than by injuring the victim. If we nevertheless indulge in that assumption, we must also attribute to the actor the knowledge that under Code of Civil Procedure section 377.34, a jury could punish such conduct with huge exemplary damages. We believe *Bell* and *Guyton* give insufficient consideration to the deterrent potential of punitive damages under the state survival statute.

Concerning the compensatory purpose of the federal Civil Rights Act, Code of Civil Procedure section 377.34 represents the Legislature's reasonable judgment that, once deceased, the decedent cannot in any practical way be compensated for his injuries or pain and suffering, or be made whole. (*Bell* v. *City of Milwaukee*, *supra*, 746 F.2d at pp. 1235-1236.) This does not mean, however, that the statutory scheme for survivors, taken as a whole, provides no compensatory damages. California law provides, in addition to recovery by the representative of the estate on the decedent's cause of action, a wrongful death action by decedent's heirs. (Code Civ. Proc., §§ 377.60, 377.61.)[7] Under these provisions, designated surviving relatives or the decedent's heirs at law can recover pecuniary losses caused by the

---

[7]Code of Civil Procedure section 377.60 provides, "A cause of action for the death of a person caused by the wrongful act or neglect of another may be asserted by any of the following persons or by the decedent's personal representative on their behalf: [¶] (a) The

death, including pecuniary support the decedent would have provided them, and noneconomic damages for being deprived of the decedent's society and comfort. (*Krouse* v. *Graham* (1977) 19 Cal.3d 59, 67-68 [137 Cal.Rptr. 863, 562 P.2d 1022].) These are significant compensatory damages flowing from the actor's killing of the victim, and which the actor must take into account; this provides both compensation and deterrence. In determining whether California law is consistent with the federal Civil Rights Act, it is appropriate to consider the state provisions not only for survival of decedent's action but also for the survivors' wrongful death action. (*Brazier* v. *Cherry*, *supra*, 293 F.2d 401, 409.) In this very lawsuit there is another cause of action asserted by decedent's mother, Barbara Vogel, for wrongful death, claiming damages for pecuniary loss and the loss of society, comfort, and support of decedent. The rare possibility of a civil rights victim having no surviving heirs is not a significant factor in determining whether state law is inconsistent with federal law. (*Robertson* v. *Wegmann*, *supra*, 436 U.S. 584, 591-592, 593 [56 L.Ed.2d 554, 561-562, 563].) California law provides for significant compensatory damages by way of a wrongful death action.

## Summary and Conclusion

In conclusion, California law allows the representative of a decedent's estate to sue on decedent's cause of action arising before death and for punitive damages decedent would have been entitled to had he survived; California law also allows a decedent's survivors to sue for wrongful death for their pecuniary losses and their loss of decedent's comfort and society. In our opinion these provisions of state law suffice to fulfill the compensatory and deterrent purposes of the federal Civil Rights Act in a case where the civil rights violation caused the death. Therefore, California law is not inconsistent with the law of the United States. We are not compelled by any United States Supreme Court authority to adopt a foreign rule of damages allowing plaintiff to recover for decedent's pain and suffering or for "hedonic" damages, and we are not persuaded by the lower federal court decisions

---

decedent's surviving spouse, children, and issue of deceased children, or, if none, the persons who would be entitled to the property of the decedent by intestate succession. [¶] (b) Whether or not qualified under subdivision (a), if they were dependent on the decedent, the putative spouse, children of the putative spouse, stepchildren, or parents. As used in this subdivision, "putative spouse" means the surviving spouse of a void or voidable marriage who is found by the court to have believed in good faith that the marriage to the decedent was valid. [¶] (c) A minor, whether or not qualified under subdivision (a) or (b), if, at the time of the decedent's death, the minor resided for the previous 180 days in the decedent's household and was dependent on the decedent for one-half or more of the minor's support."

Code of Civil Procedure section 377.61 provides, "In an action under this article, damages may be awarded that, under all the circumstances of the case, may be just, but may not include damages recoverable under Section 377.34. The court shall determine the respective rights in an award of the persons entitled to assert the cause of action."

allowing such damages. The trial court properly struck the portion of the first amended complaint claiming hedonic damages.

## DISPOSITION

The alternative writ, having served its purpose, is discharged. The petition for a writ of mandate is denied. The temporary stay of further proceedings in the trial court shall remain in effect until issuance of the remittitur.

Epstein, Acting P. J., and Hastings, J., concurred.

Petitioner's application for review by the Supreme Court was denied May 15, 1996. Mosk, J., and Kennard, J., were of the opinion that the application should be granted.