Audelia Reynel **GARCIA** and Raul Reynel as successors in interest as to decedent Jaime Reynel Garcia; and as parents of decedent Jaime Reynel–Garcia aka Juan Jaime Reynel–Garcia, Plaintiffs,

v.

Officer Rick **WHITEHEAD**, Defendant.

No. CV 95–4350 DDP.

United States District Court, C.D. California.

April 4, 1997.

---

Emile Mark Mullick, Emile M. Mullick Law Offices, San Bernardino, CA, for plaintiffs.

Tracy Strickland, Franscell Strickland Roberts & Lawrence, Santa Ana, CA, for defendant.

## MEMORANDUM OPINION

PREGERSON, District Judge.

Plaintiffs Audelia Reynel Garcia and Raul Reynel ("Plaintiffs") bring this action as the successors in interest to, and the parents of, decedent Jaime Reynel–Garcia ("Jaime Garcia" or the "Decedent"). The Decedent was shot and killed by Defendant Deputy Sheriff Rick Whitehead ("Deputy Whitehead") during a response to a reported burglary attempt. Plaintiffs filed this civil rights action under 42 U.S.C. § 1983 against the County of San Bernardino (the "County")[1] and Deputy Whitehead alleging that excessive force was used against the Decedent.

This matter comes before the Court on Deputy Whitehead's motion in limine to exclude evidence regarding Decedent's alleged pain and suffering. At oral argument on February 10, 1997, the Court denied Deputy Whitehead's motion. The Court issues this Memorandum Opinion explaining the reasoning for its ruling.

*BACKGROUND*

The shooting incident took place on April 9, 1995, in the area of Lake Arrowhead. Deputy Whitehead received a dispatch to a residence regarding a possible burglary in progress at 883 Crown Drive. The citizen informant lived across the street and had reported seeing a man going around the residence at 883 Crown Drive checking the doors and windows as if attempting to break in. Deputy Whitehead drove to the location and en route received additional information that the suspect was leaving the location. Deputy Whitehead also received a detailed description of the suspect.

When Deputy Whitehead arrived near the location, he parked his police unit and proceeded on foot. Deputy Whitehead observed an individual matching the description of the suspect, who turned out to be Jaime Garcia. Once Deputy Whitehead was within six to ten feet of the suspect, approaching from the rear, Deputy Whitehead drew his weapon. Assuming the "combat stance," Deputy Whitehead asserts that he loudly yelled twice "Sheriff's Department, get your hands up." Deputy Whitehead was wearing a standard Sheriff's uniform, with badge displayed.

Defendant states that the suspect did not put his hands up, but turned around with his hands coming out of his waistband area. Deputy Whitehead claims that he saw a black metallic object in the suspect's right hand. Deputy Whitehead, fearing that the suspect was drawing a weapon, fired one round which struck the suspect. Decedent did not have a weapon, but was wearing headphones and a waist-held tape player.

Paramedics were called to the scene. In the meantime, Defendant, assisted by a civilian bystander, attempted to resuscitate Jaime Garcia. Jaime Garcia was pronounced dead at the hospital approximately one hour later.

*DISCUSSION*

■ Defendant moves to exclude evidence, if any, regarding the Decedent's pain and suffering on the ground that damages for pain and suffering are unavailable.[2] Plain-

---

1. The County was dismissed as a defendant pursuant to the Court's January 24, 1997 order granting summary judgment.

2. Defendant also argues that evidence of pain and suffering should be excluded because Jaime appeared to die instantly. Before damages may be recovered for pre-death pain and suffering, it must be shown by a preponderance of the evidence " 'that the decedent was conscious for at least some period of time after he suffered the injuries which resulted in his death.' " *F/V Carolyn Jean, Inc. v. Schmitt*, 73 F.3d 884, 885 (9th Cir.1995) (quoting *Cook v. Ross Island Sand and Gravel Co.*, 626 F.2d 746, 749–50 (9th Cir.1980)).

The Court does not address this argument on Defendant's motion in limine, however, because it is essentially a request for summary adjudication.

tiffs seek such damages in connection with their claim that the Decedent's constitutional rights were violated. Thus, Plaintiffs' claim, although brought under section 1983, is in the nature of a survivorship action.[3]

Section 1983 does not address the survivability of claims or the appropriate remedies. Pursuant to section 1988, however, where the civil rights statutes "are deficient in the provisions necessary to furnish suitable remedies," the Court looks to state law. 42 U.S.C. § 1988. This rule is "subject to the important proviso that state law may not be applied when it is 'inconsistent with the Constitution and laws of the United States.'" *Robertson v. Wegmann,* 436 U.S. 584, 590, 98 S.Ct. 1991, 1995, 56 L.Ed.2d 554 (1978) (quoting 42 U.S.C. § 1988).[4]

In fashioning a remedy in this case, the Court looks to California's survivorship statute, which allows punitive damages but specifically excludes damages for a decedent's pain and suffering.[5] The Court must examine whether application of this provision would be consistent with the federal civil rights laws in light of the primary purpose of section 1983, *i.e.* to provide compensation and to deter future constitutional violations. *See Robertson,* 436 U.S. at 590–91, 98 S.Ct. at 1995–96.

There is no controlling authority regarding whether the remedies available under California's survivorship statute are too limited to be consistent with the purposes of section 1983. Indeed, the Ninth Circuit specifically refrained from expressing any view on this issue in *Smith v. City of Fontana,* 818 F.2d 1411, 1417 n. 8 (9th Cir.1987). However, Judge Patel of the Northern District of California addressed this issue in the well-reasoned opinion of *Guyton v. Phillips,* 532 F.Supp. 1154 (N.D.Cal.1981).

■ In *Guyton,* as here, the plaintiffs brought suit on behalf of their son, who died as a result of the alleged excessive force used by the defendant police officers. The *Guyton* court held that application of California's survivorship statute to preclude all recovery for pain and suffering would be inconsistent with federal civil rights laws.[6] In so holding, the *Guyton* court reasoned,

> Had the victim survived, he could have recovered, among other things, loss of earnings and pain and suffering. The inescapable conclusion is that there may be substantial deterrent effect to conduct that results in the injury of an individual but virtually no deterrent to conduct that kills the victim.

532 F.Supp. at 1166. Thus, the deterrent purpose of section 1983 "is hardly served when the police officer who acts without substantial justification suffers a harsher penalty for injuring or maiming a victim than for killing him." *Id.* at 1167. The *Guyton* court concluded that "[t]o deny pain and suffering damages would strike at the very heart of a section 1983 action.... Absent such a remedy, the section 1983 claim amounts to little more than a tort claim." *Id.; see also Davis v. City of Ellensburg,* 651 F.Supp. 1248, 1256 (E.D.Wash.1987) (following the reasoning of *Guyton* with respect to a similar statute under Washington state law). Judge Patel recently extended her holding in *Guyton* to the facts of *Williams v. City of Oakland,* 915 F.Supp. 1074 (N.D.Cal.1996). In Williams, the plaintiff died while the suit was pending and his death was unrelated to the alleged constitutional violation.

---

**3.** Plaintiffs also claim that their own constitutional rights were violated based on the allegedly wrongful severance of familial relations.

**4.** Pursuant to 42 U.S.C. section 1988, civil rights actions are governed by "the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of [the] civil ... cause is held, so far as the same is not inconsistent with the Constitution and statutes of the United States."

**5.** California Code of Civil Procedure section 377.34 provides,

> In an action or proceeding by a decedent's personal representative or successor in interest on the decedent's cause of action, the damages recoverable are limited to the loss or damage that the decedent sustained or incurred before death, including any penalties or punitive or exemplary damages that the decedent would have been entitled to recover had the decedent lived, and do not include damages for pain, suffering, or disfigurement.

**6.** A similar conclusion was reached by the Seventh Circuit with regard to Illinois and Wisconsin law. *See Bass by Lewis v. Wallenstein,* 769 F.2d 1173, 1187–90 (7th Cir.1984); *Bell v. City of Milwaukee,* 746 F.2d 1205, 1235–41 (7th Cir. 1984).

Defendant relies on *Garcia v. Superior Court,* 42 Cal.App.4th 177, 49 Cal.Rptr.2d 580 (1996),[7] in which the California Court of Appeal declined to follow the reasoning of *Guyton.* The *Garcia* court concluded that the deterrent purpose of section 1983 is satisfied by the fact that California Code of Civil Procedure, section 377.34 expressly allows punitive damages which the decedent would have been entitled to recover had he survived.[8]

The Court does not find persuasive the notion that punitive damages provide an adequate deterrent effect. Even where a constitutional violation is found, punitive damages are never available against the agency itself in a section 1983 action, and are not always warranted against the individual defendant. Furthermore, as Judge Patel noted in *Williams,* "the amount of those (punitive) damages will be governed by the financial condition of the individual officer without regard to the pain and suffering he may have inflicted on the decedent." 915 F.Supp. at 1078. The amount of punitive damages awarded against the typical civil servant is therefore likely to be relatively small.

The Court finds the reasoning of *Guyton* to be more persuasive than that of *Garcia.* Accordingly, the Court holds that California's survivorship statute is inconsistent with the purposes of section 1983 because it excludes damages for pain and suffering of the decedent. Therefore, Defendant's motion to exclude evidence regarding the decedent's pain and suffering, if any, is denied.

*CONCLUSION*

For the foregoing reasons, Defendant's motion in limine to exclude evidence of the decedent's pain and suffering is denied.

IT IS SO ORDERED.

---

7. The Court notes that it is not bound by state court decisions regarding the issue here, that is, whether application of California's survivorship statute would be contrary to the Constitution and the laws of the United States.

8. The *Garcia* court also reasoned that the statutory scheme for survivors, taken as a whole, provides adequately for compensatory damages, because the designated heirs can bring a wrongful death action. That is not the case where the death is not a result of the constitutional violation, however.